No. 21.—JAMES N. BETHUNE, trustee, &c. plaintiff in error, *vs.* FRANCIS G. WILKINS and ADOLPHUS S. RUTHERFORD, Sheriff, &c. defendants.

[1.] An injunction will not be granted to restrain a *mere trespass,* susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law. To authorize a Court of Equity to interfere in cases of trespass, there must be something particu-

lar or special in the case, for which a Court of Law cannot afford adequate redress.

[2.] An allegation in the bill, that the tenant will be rendered homeless, for want of means to procure another habitation, will not authorize a Court of Equity to restrain the officer, by injunction, from placing the purchaser at Sheriff's sale in possession of the premises.   The Act of 1823, which authorizes the Sheriff to place the purchaser of real estate in possession, does not justify the officer in dispossessing any other person but the *defendant in execution, his heirs or tenants.*

In Equity, in Muscogee Superior Court.    Decision by Judge ALEXANDER, at Chambers, October, 1849.

James N. Bethune, as trustee of Mrs. Parizade Mitchell and her children, filed a bill, alleging that on 1st January, 1846, James S. Norman purchased a certain lot of land in Wynnton, of John Banks, for $1000, and gave his four promissory notes for the same, taking at the same time from Banks, a bond to make titles when the notes were paid; *that* subsequently, on 1st September, 1847, the complainant, as trustee, purchased of Norman, the bond *of Banks, and caused the same to be transferred to himself,* as trustee; that he, as trustee, undertook to pay the notes given by Norman for the purchase money—the whole being still unpaid; that, as trustee, he had paid one of the notes and a part of the second, and that Mrs. Mitchell and her husband, Isaac Mitchell, had been in possession ever since.

The bill farther alleged, that in November, 1848, one George Hargraves, Jr. obtained judgment against James S. Norman for $250, besides interest, and caused the *fi. fa.* issued thereon to be levied on this lot of land; that the same was sold by the Sheriff, and purchased by Col. Seaborn Jones for $129, who subsequently transferred his bid to Francis G. Wilkins, to whom the Sheriff made a deed; that Wilkins gave the Sheriff a bond to indemnify him for damage or loss, upon which the Sheriff agreed to give him possession of the land; that the Sheriff had threatened to turn Isaac Mitchell and his family out of possession—to avert which, Mitchell, in writing, acknowledged himself to be the tenant of Wilkins.

The bill was to quiet the possession of the *cestui que trusts* of complainant, and prayed for a perpetual injunction against Wilkins, and for general relief.

The answer of Wilkins admitted, that he had heard of the claim of complainant, before his purchase, but insisted that Isaac Mitchell made the purchase of Norman; that the *fi. fa.* against Norman, under which the land was sold, was founded on a judgment recovered on one of the notes given for the purchase money. The answer farther admitted, that the land was bid off by Col. Jones, and purchased of him by defendant, and that he took an acknowledgment, in writing, from Isaac Mitchell, that he held as tenant of defendant; but defendant insisted that the acknowledgment was written by the complainant himself, and under an agreement with him, that defendant would acknowledge service of an action of ejectment, to be brought by complainant for the land.

On the coming in of the answer, a motion was made to dissolve the injunction, on the ground that the equity in the bill was sworn off. The Court sustained the motion, and complainant excepted.

H. HOLT, for plaintiff in error.

H. L. BENNING, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This bill was filed to restrain the Sheriff, by injunction, from placing the purchaser of a certain lot in Columbus, at Sheriff's sale, in possession of the premises, on the ground that the complainant is the owner of the property so purchased; and that being neither defendant in execution, his heir or tenant, the Sheriff is not authorized to eject him from the premises.

The defendants having answered the bill, moved the Court below to dissolve the injunction, upon the ground that the equity in the bill had been fully sworn off; which motion was granted, and thereupon the complainant excepted, and now assigns the same for error in this Court.

[1.] We feel bound to affirm the order dissolving the injunction, not, however, because the equity in the bill was sworn off, but because the injunction ought never to have been granted. *Anthony vs. Brooks,* 5 *Ga. R.* 576: The injury threatened is, at most, a *mere trespass*, susceptible of ample pecuniary compensa-

tion, and for which the party aggrieved may, and no doubt will, obtain adequate damages in a Court of Law.

[2.] And to that redress the complainant is remitted, should the Sheriff, without authority of law, forcibly dispossess him. There is nothing special in this case, for which a Court of Law could not administer a satisfactory remedy. It is true that the bill alleges, that the tenants—the *cestui que trust* of the complainant—would become homeless and houseless, for want of means to provide another habitation. This, however, would only aggravate the trespass and enhance the measure of damage.

Let the judgment below be affirmed.