No. 34.—THE JUSTICES OF THE INFERIOR COURT OF PIKE COUNTY and others, plaintiffs in error, *vs.* THE GRIFFIN AND WEST POINT PLANK ROAD COMPANY, defendants in error.

[1.] Equity will not interfere to enjoin a mere trespass: there must be something special in the nature of the trespass, to authorize an injunction.

[2] Equity will enjoin a trespass, where the damages cannot be proven at Law, and the remedy is, on that account, inadequate and incomplete.

[3.] Whether the damage is or not irreparable, is a conclusion of law, which the Court draws from the facts and circumstances in regard to the trespass set forth in the bill.

[4.] A bill is filed to enjoin a trespass, and also, to decree specific performance of an agreement: *Held,* that if the answer swears off the equity

as to the agreement, yet admits the trespass, the injunction will not be dissolved.

[5.] In a bill for specific performance, and also to enjoin a trespass, the answer admits the trespass, and in words, denies the agreement set out in the bill; admitting, however, the facts, in part, which make up the agreement, and the facts, in part, which show that it was entered into, upon a motion to dissolve upon the coming in of the answer: *Held*, that there is enough admitted to retain the injunction.

In Equity, in Pike Superior Court.   Decided by Judge STARKE, at Chambers, January 8th, 1852.

The bill charges, that the Plank Road Company, by virtue of its charter, granted in 1849, had constructed about some thirteen miles of their road, in and through the County of Pike, on which they had erected two toll-gates.   The bill charges, that for the purpose of settling difficulties that had occurred between the Justices of the Inferior Court of said County, and said Plank Road Company, in consequence of the latter appropriating to their use the public high road, leading from Griffin, in said County, to the Flat Shoals on Flint river, in said County, the said Company cut out a road running along and near said Plank Road; upon the cutting out of which road, the said Justices agreed and consented to dismiss a suit which they had instituted against said Company.

The bill charges, that in violation of said agreement, the said Justices, on the 7th day of July, 1851, passed an order, notifying the Commissioners of Roads in the districts through which said Plank Road runs, that said toll-gates were obstructions on the said Flat Shoals road, with the intention of directing said Commissioners to remove said toll-gates, under pretence of legal authority; that the commissioners of the 545th District, acting under said order, on the      day of      1851, cut down one of said gates; that the Company had again erected said toll-gate, and was apprehensive that the said commissioners, acting under the order of said Court, would again cut it down, &c. &c.

The prayer of the bill was for an injunction and specific per-

formance of the agreement, as charged in the bill, on the part of said Court.

In their answer, the defendants admit the construction of the Plank Road; they deny that any agreement was ever entered into by them, with the said Company, in relation to the latter cutting out a new road, along and near said Plank Road.

They admit that said Road was cut out, as charged in the bill, but that the same was hardly passable.

They admit that the order was passed, as charged in the bill, and that the commissioners of the 545th district had proceeded, under said order, to remove one of the toll-gates erected by said Company; and that the Company had again erected said gate; and that it was their intention, and had given notice to have it again taken down, &c.

The defendants also filed a demurrer to the bill, alleging that there was no equity in the bill, and that complainants had a full and complete remedy at Common Law.

Upon the coming in of the answer, counsel for defendants moved to dissolve the injunction.

The demurrer and answer were, by consent, heard together.

Judge STARKE overruled the motion, and counsel for defendants excepted.

GREENE & ARNOLD, for plaintiffs in error.

ALFORD & MOORE, for defendants in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The doctrine of injunction to restrain trespass, has been so often considered by this Court, that I am under no obligation to discuss it. What we have to do in cases of this kind now, is to inquire whether they fall within the principles settled.

[2.] This case falls within the rule, that when it is impossible for the plaintiff to prove fully his damage at Law, the injunction will be allowed. The bill charges, that the Plank Road Company had, at the expense of some thirty thousand dollars, in

accordance with the provisions of their charter, constructed a Plank Road, for thirteen miles in the direction of West Point, from the City of Griffin; and that they had erected upon it, two gates for the purpose of collecting tolls; that a controversy having arisen between the Company and the Justices of the Inferior Court of Pike County, relative to an alleged violation of their charter, in appropriating a public highway of the County, for the construction of their road, and a suit pending in favor of said Justices, against said Company, to settle that controversy—overtures were made by the Company to the Court, for an adjustment of the same; that the Court came to terms with the Company, and it was agreed between the parties, that if the Company would construct a road along the line of the Plank Road, for the public use, and would permit the citizens of Pike County to travel on and use the Plank Road, free of charge, until said new road was completed, that the Inferior Court would abandon their suit and be at peace; that in pursuance of this agreement, the Company, in good faith, opened the new road along the line of the Plank Road; but that the Inferior Court, in violation of their agreement, passed an order, directing the Commissioners of the two districts in which the gates were situated to remove all obstructions from the public highway, on which the Plank Road was built; that the Commissioners of Roads, for one of the districts, acting under this order, did cut down and remove one of the gates; that the Company erected another gate, and that they had been notified by said Commissioners, that they would remove it again; that the Road Commissioners of the other district, failing to obey their order and remove the other gate, the Inferior Court had threatened to have them removed, and that they would put in Commissioners that would remove the gate in that district. These are, in substance, the charges made in the bill. The complainants, the Plank Road Company, aver that the damage done to them is irreparable, and pray an injunction against the Inferior Court, farther trespassing by removing their toll-gates, and that they be decreed to perform their agreement. A demurrer was filed, and overruled by the Court, and the defendants excepted.

In the argument, counsel contended that the charge, that the damage to the complainants is irreparable, is badly pleaded, in this, that the bill does not state how and wherein it will be irreparable; and as the demurrer admits to be true only matters that are properly pleaded, this allegation is not to be taken as true. The averment, that the injury is irreparable, does not make it so, nor is that to be taken as true because it is averred.

[3.] The irreparability of the injury *is* a conclusion which the law draws from the character of the trespass. The character of the trespass being exhibited in a statement of the facts which constitute it, those facts are admitted to be true by the demurrer, and it is for the Court to determine whether it is irreparable. A trespass is irreparable, when, from its nature, it is impossible for a Court of Law to make full and complete reparation in damages. And that is one of the cases in which Equity will interpose its preventive power. This is such a case. The power is as necessary to the peace and order of society, and to the enjoyment of the right of property, as any that belongs to a Court of Chancery. It is well understood that Equity will not interfere in a case of a mere trespass. As a general rule, it leaves the party to his legal remedy. But if there is any thing special in the case—anything which renders the remedy at Law impossible or incomplete—impossible, for example, when the trespasser is insolvent; or incomplete, when, from its nature, it is impossible to prove the damage which grows out of the trespass—Chancery will put forth its restraining hand, and by a decree, compel the wrong-doer to desist. The injury done to this Company, is not alone the destruction of their toll-gate. If that was all, the value of the gate would be the criterion of damages; and that being susceptible of proof, a Court of Law could give redress. If that were the case, we would dismiss this bill. The toll-gates are the authorized means by which the Company collects its revenue—the means by which the stockholders are to receive the profits on their money—the means by which the grant in their charter is made available. It does not matter that there are other means by which they would be enabled to collect tolls. It is sufficient, that they believe that

gates are the best means for them, and that their charter author-izes their use. What then is the injury? It consists in pre-venting them from collecting tolls—in realizing the profits which their road may make upon the stock—in short, it defeats the privileges and immunities of their charter, and nullifies the legislative grant. How is such injury to be proven? Who will prove what will be the income of this road for a day, or a week, or a year? How could the value of the grant be sworn to by any witness? Or, how would it be possible to prove, what would be the actual diminution of the tolls, occasioned by a demolition of the toll-gates, for any specified time? It could not be done. The remedy at Law would be, for that reason, to say the least of it, exceedingly uncertain and incomplete. It is clearly a case for an injunction, and the demurrer was very pro-perly overruled. 1 *Kelly,* 7. 5 *Ga.* 576. 7 *Ga.* 49. 8 *Ga.* 118. A motion was made to dissolve the injunction, after the answer came in, upon the ground that the equity was sworn off, which the Court disallowed, and the defendants ex-cepted.

[4.] It is to be remarked that this bill has two phases. It seeks an injunction against the *trespass,* and it also seeks a per-formance of the *agreement.* The answer very clearly admits the *trespass,* and all the circumstances upon which the injunc-tion is asked. If then it denies the equity of the bill, so far as the agreement is concerned, I do not see how the injunction can be dissolved. What has the agreement to do with the in-junction? If the charges in the bill be true; that is, if the agree-ment was made and violated as stated, then was the trespass more aggravated. But if untrue, if there was no such agree-ment, or if it had been kept by the Inferior Court, that is, if they had dismissed their suit against this Company; still, there would be sufficient ground for the injunction. But aside from this view of the matter, the answer does not swear off the equity of the bill as to the agreement. In our opinion, if the motion had been to dismiss the bill so far as it goes for a de-cree on the agreement, we could not sustain it. The answer admits enough to retain the bill for a hearing.

[5.] It denies, in so many words, that the Inferior Court entered into any such agreement, it is true. But from what it does admit, it is obvious that this is only the conclusion which they arrive at, as to what acts on the part of the Court, would amount to the making of an agreement. They say that two of the *directors*, not having authority from the Company, to close any agreement with them, suggested to three of the Inferior Court, that some arrangement of the controversy be made, and requested them to make a proposition ; and that they did propose, in writing, to settle the difficulty upon the terms stated in the bill. The record shows that this written proposition, signed by three of the Court, was of file in the office of the Clerk of the Inferior Court. They deny that there was any acceptance of this proposition by the Company, and if accepted, that they had any notice of it; but at the same time, they admit that the Company did proceed to act upon it, and did construct the new road, which was free to the public ; and they also admit that whilst constructing the new road, they did open their gates to the people of Pike. It is also true, that they say that this new road was not a good one ; and in their answer they deny that the Company has any right, under their charter, to locate their road in the manner they did, upon the old highway. The amount of all which is this : they, in words, deny, out and out, the agreement ; but state facts enough to amount to such an admission of the charges in the bill, as must, in our judgment, carry the cause to a hearing. Whether the complainants will get a decree, when the cause is heard, is a different question— whether they would be entitled to one on this answer alone, is also a different question, upon which it is not our province to express an opinion. The Reporter's brief not being very full as to the answer, my statements are, in part, taken from the answer itself.

Let the judgment be affirmed.