Stokes *vs.* Morrow *et al.*

---

GILBERT M. STOKES, plaintiff in error, *vs.* ELIZA J. MORROW *et al.*, defendants in error.

If ejectment or statutory complaint for land be brought by a stranger against one of two persons in joint possession, it not appearing that either claims under the other, the judgment, as a general rule, will bind only the one who is defendant in the action; and the other, not being a party, cannot be expelled under the writ of possession, even though the declaration, the judgment and the writ, embrace the whole of the premises, and treat the defendant as sole occupant.

Ejectment. Judgments. Possession. Before Judge CLARK. Lee Superior Court. March Term, 1875.

Reported in the opinion.

R. F. Lyon; Hawkins & Hawkins; G. W. Warwick; George Kimbrough, for plaintiff in error.

K. J. Warren; L. P. D. Warren, for defendants.

Bleckley, Judge.

Father and son occupied the same house on a tract of land containing two hundred two and a half acres. The father was old and infirm, unable to work. The son worked and cultivated the land. There is evidence tending to show that the son claimed for himself and his two sisters, under two deceased brothers who had color of paper title. Other evidence tends to show that the father claimed, but under whom does not appear. There is no evidence tending to show that either of the occupants claimed under the other; but there is some tending to show that the son did not claim at all, and some tending to show that the father did not claim at all. The decided weight of the evidence, however, is that the son did claim for himself and his sisters, and that the father, on one occasion, at least, claimed for himself.

Mrs. Morrow, the defendant in error, brought an action of complaint against the father alone, and recovered against his administrator, he having died pending the action, and the administrator having been made a party. About the time of the judgment, probably in the same month of its rendition, and shortly before it was rendered, the son sold and conveyed the whole tract to Stokes, the plaintiff in error, and the son, from that time, held possession as the tenant of Stokes.

The sheriff, under a writ of possession, issued in the suit of Morrow against the father, was about to turn the son out of possession; whereupon Stokes, as landlord of the son, filed the present bill to enjoin the execution of the writ. On the trial of this bill the foregoing facts appeared in evidence; and, also, that the son employed counsel to defend the suit of Mrs. Morrow against his father; but there is in the record no plea to

the action and no evidence that any defense was made, or even that there was an appearance. The color of paper title in the deceased brothers under whom the son claimed, was not derived from or under Mrs. Morrow. Her title was a grant directly from the state to her deceased father, she being his only heir-at-law.

On the trial the court admitted in evidence the record of the suit of Mrs. Morrow, in which the writ of possession issued. This is one of the errors complained of. There was no error in admitting this record. It showed a recovery of the land, and was one step in the direction of establishing the plaintiff's right to remove from possession the son of the defendant in that action. If the other important step could have been taken, namely, to show that the son was in under his father, at or after the bringing of the action, the right would have been complete.

Stokes, the complainant, requested the court to charge several legal propositions:

First, that the judgment only bound the father and his privies, and that if the son and his sisters held the land when the suit was brought, and the father resided with them as a guest, exercising no control over the premises, the judgment did not affect the son or Stokes, his vendee. This charge was proper under the evidence in the record, and its refusal was error.

Secondly, that if four persons own a piece of land jointly, all being in possession, a suit against one will not bind the others. This charge, also, was proper: *Scisson vs. McLaws,* 12 *Georgia Reports,* 166; 2 A. K. Marsh., 40.

Thirdly, that the owner is not required to make himself a party to the suit, but that the plaintiff takes the risk of omitting him as a party; that if the son and his sisters were the real owners and residing on the land when suit was brought, the failure to make them parties was fatal, and that the suit did not stop the statute of prescription. This charge was not pertinent, if good law. The words, real owners, fatal, and prescription, render it irrelevant if not erroneous.

The charge, as given, is also excepted to, and we think the exception well taken, as there was no evidence that the attor-

ney employed ever appeared or rendered any service. It is not certain that if he had done so, the charge would be good law: See Code, section 3638; but certainly the mere employment of an attorney to defend binds nobody to abide the judgment. The charge complained of embodies the proposition that if the son knew suit was pending against his father and employed counsel to make defense, he is concluded, and so is Stokes, his vendee.

Judgment reversed.