## BROWNING *et al.* v. GUEST, administrator, *et al.*

GILBERT, J. 1. Where a suit for land is brought against one of several persons in possession, holding independently of each other, and it appears that neither claims under the other, the judgment, as a rule, will bind only the one who is a defendant in the action, and the others, not being parties, can not be expelled under the writ of possession, even though the suit, the judgment, and the writ embrace the whole of the premises, and treat the defendant in the suit as sole occupant. Civil Code (1910), § 6024; *Stokes* v. *Morrow*, 54 *Ga.* 597; *McSwain* v. *Ricketson*, 129 *Ga.* 176 (58 S. E. 655). See also *Jefferson* v. *Hartley*, 81 *Ga.* 716 (9 S. E. 174); *Bethune* v. *Wilkins*, 8 *Ga.* 118 (2); 23 Cyc. 1256.

2. Under the facts of this case the plaintiffs in error were not parties to the suit resulting in the writ of possession, nor were they claiming under the defendants in that suit, but were claiming independently of them. The petition in this case does not seek to restrain a mere trespass susceptible of perfect pecuniary compensation, for which the party may obtain adequate satisfaction in the ordinary course of law. See *Bethune* v. *Wilkins*, supra. Therefore it was erroneous to refuse an interlocutory injunction, and the judgment in this respect must be reversed.

(a) The judgment excepted to also authorized the sheriff "to proceed with the execution of the writ." This writ did not apply to the plaintiffs in error, but did apply to another party. The plaintiffs in error do not complain of the eviction of the other party.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 286. NOVEMBER 17, 1917.

Petition for injunction. Before Judge Summerall. Clinch superior court. March 31, 1917.

Viola Browning and B. F. Guest filed their petition to enjoin the sheriff and others from dispossessing them of certain described land. The trial judge refused to grant a temporary injunction, and the plaintiffs excepted. The material facts were as follows: A writ of possession was issued from the superior court, directing the sheriff to place M. J. Guest, administrator, etc., in possession of certain land which had been recovered by him in a suit against Miranda Guest, and the writ authorized the sheriff to dispossess the last-named person. The petition of the plaintiffs, as well as their evidence, showed that the sheriff, under such writ of possession, was attempting to dispossess them. This was not denied by the defendants. It was sought to justify the action of the sheriff on the theory that he was merely carrying out the order of the court. This did not refer to the plaintiffs.

*Lankford & Moore,* for plaintiffs.

*W. T. Dickerson* and *Parker & Parker,* for defendants.