## WILLIAMS et al. v. SPEER et al.

BECK, P. J. Under the evidence and pleadings in this case the court did not err in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 1742. SEPTEMBER 16, 1920.

Petition for injunction. Before Judge Summerall. Appling superior court. July 5, 1919.

Loemma Williams, the wife of John C. Williams, and Joseph Milikin as her tenant brought a petition to restrain the execution of a writ of possession, issued upon a recovery of 100 acres of land in the suit of L. N. Speer against John C. Williams, Ben Williams, and A. A. McLean, trustee in bankruptcy of John C. Williams.

Mrs. Williams claimed that she owned the land under a deed from her husband to herself, dated March 13, 1913, and bearing an entry of record dated February 21, 1919; and that since the date of that deed she had held possession of the land in her own right. This claim was disputed; and the evidence for the defendants tended to show that John C. Williams had lived upon the land with his wife and family, and had cultivated it, up to the time when he went into voluntary bankruptcy on February

16, 1916. It appeared that on February 3, 1914, he executed to Speer Brothers a mortgage on the land, containing a power of sale. This mortgage was assigned to Baxley Banking Company, which, after obtaining a judgment for the debt secured by it, exercised the power of sale and thereby conveyed the land to L. N. Speer on February 15, 1916. Speer brought his action against McLean (the trustee in bankruptcy), Ben Williams (the agent and custodian of the trustee), and John C. Williams, to prevent a sale of the land by the trustee, and to obtain a writ of possession; and in that suit Speer prevailed (see *McLean* v. *Speer*, 148 *Ga.* 684). The plaintiff in the present case contended, in brief, that her husband parted with his title to the land by the conveyance to her in 1913; that thereafter the possession of the land was hers; and that she was not a party to any of the later matters and proceedings, had no notice of them, and was not bound by them. The testimony was in conflict on the material issues of fact; and the pleadings and evidence as a whole were voluminous. The foregoing outline statement is all that is necessary for the present report.

*W. W. Bennett,* for plaintiffs, cited 23 Cyc. 1256-1263; *Browning* v. *Guest,* 147 *Ga.* 400, and cit.

*Padgett & Watson,* for defendants, cited Civil Code, §§ 4528, 4519-4522, 6024; *Austin* v. *Southern Home &c. Asso.,* 122 *Ga.* 439; *Rodgers* v. *Bell,* 53 *Ga.* 94, 97; *Stokes* v. *Morrow,* 54 *Ga.* 598; 15 Cyc. 186.