GEORGE R. HALL, *et al.*, plaintiffs in error, *vs.* E. LYON, *et al.*, defendants in error.

When sundry judgments have been obtained against a defendant for the principal debt due, with interest and cost, and the clerk of the Court issued separate executions for the costs due in each case "for the use of the officers of Court," against the defendant, (the original judgments existing in full force and effect,) and said executions for the costs were levied upon the lands of the defendant therein, who had previously sold the same to the complainants, who were in the possession of the same, having a growing crop thereon, which lands, so levied on, were sold at sheriff's sale, under said cost *fi. fas.*, and purchased by the defendant, who is alleged to be *insolvent*:

*Held*, that said *fi. fas.* for costs were erroneously issued by the clerk of the Court, but being apparently regular upon the face thereof, the sheriff was not a *trespasser* in levying the same, and that a court of equity has jurisdiction according to the allegations in complainants' bill, to restrain, by injunction, the *insolvent* purchaser of said land and growing crop thereon, from turning the complainants out of possession under the sale made by the sheriff under said cost executions.

Equity.   Demurrer.   Decided by Judge UNDERWOOD. Chambers.   Polk county, March, 1868.

George R. Hall, Edward M. Cary and George H. Homans, on the 15th of January, 1866, bought from James S. Ware a plantation in said county, paid him therefor $7,000, and took his warranty deed in fee simple. They took possession of the same, and continue in possession. They paid full value for the same, upon the assurance, by Ware, that it

Hall *vs.* Lyon *et al.*

was subject to no judgment or other lien, which they believed was true.    But there were divers judgments against Ware, in favor of twenty-nine different plaintiffs, and *fi. fas.* thereon were issued for the principal, interest and costs due in each case.    While these *fi. fas.* were in the clerk's office, unsatisfied as to principal, interest, or costs, without any order of Court for the purpose, the clerk issued twenty-nine other *fi. fas.* in favor of said plaintiffs in *fi. fa.,* respectively, for the use of the officers in Court, for the costs only, the aggregate amount of the costs being about $300 00.    And notwithstanding Ware had in his possession other property sufficient to satisfy said cost *fi. fas.*, the sheriff levied them upon said plantation, as the property of Ware.    The sheriff first advertised the sale in " The Rome Courier," and, without giving any notice of his intention to do so, transferred said advertisement to " The Opinion," a newspaper published in Atlanta, Georgia.

The plantation was, by the sheriff, put up at public outcry, and knocked off to Emanuel Lyon at $3,500 00 cash; the sheriff having made proclamation before the sale was made that he would sell the land only, and not the growing crop, in which crop Ware never had any interest.    Lyon did not pay any part of his bid for the land, and the sheriff has not made him a deed.    Yet Lyon claims that the plantation and the growing crop, and rents, issues and profits, since said sale, are his, and threatens to get the sheriff to turn them out of possession and put him in.    Lyon is insolvent, and did he get possession, could not respond in damages.

They filed a bill averring said facts, contending that said pretended cost *fi. fas.* were illegally issued, that the advertisement of the sale was contrary to law, and that the pretended sale was void, and prayed that the sheriff should be enjoined from making a deed to Lyon, or putting him into possession of said premises ; that the officers of Court be enjoined from further proceedings on said cost *fi. fas.* against said land, and that said cost *fi. fas.* and the pretended sale thereunder be declared void.

Upon a demurrer, upon the grounds that there was no

equity in the bill and that the remedy at law was complete, the Chancellor dismissed the bill. This decision is assigned as error.

HARVEY & SCOTT, WRIGHT & BROYLES, for plaintiffs in error.

W. AIKEN, for defendants in error.

WARNER, C. J.

The error complained of in this case, is the sustaining of the demurrer to the complainants' bill, and dismissing the same upon the ground, that the complainants had an adequate and complete remedy at law. The executions which were levied upon the land, and under which the land was sold by the sheriff, were regular upon the face thereof. By the 3576th section of the Code, the clerks of the several Courts in which judgments shall be obtained, are authorized to issue executions directed to all and singular the sheriffs of this State and their lawful deputies, which may be levied on all the estate, both real and personal of the defendant. The record discloses the fact, that sundry judgments were obtained against Ware, the defendant, for the principal debt due, as well as for the interest, and costs of suit. The clerk of the Court, instead of issuing executions in pursuance of the judgments, *erroneously* issued executions in the name of the officers of Court, against the defendant for the costs only, which were directed to the sheriff, requiring him to make the money apparently due thereon by levy and sale of the defendant's property. The argument for the defendant in error is, that the sheriff in levying these executions, is a *trespasser* and liable to be sued at law for damages, and that a court of equity will not interfere by injunction, to restrain a party from committing a mere act of trespass upon the property of another. In support of this proposition, the cases of Anthony vs. Brooks, 5th Geo. Rep., 576; Bethune vs. Wilkins and Rutherford 8th Geo. Rep., 118; Sullivan and another vs. Hearndon, 11th Geo. Rep., 294, are cited. The question

here is, was the sheriff a *mere trespasser* in levying these executions under the facts presented by this record. Although these executions were erroneously issued by the clerk, the same were regular upon the face thereof, and the sheriff was bound to execute the same until set aside by the judgment of a Court of competent jurisdiction. It may be stated as a general legal proposition in regard to the liability of officers executing process, that when the process is void upon the face of it, it will never afford protection to the officer executing it; but he is liable to an action as well as the party obtaining it; but when the process is apparently good and regular on the face of it, and can be avoided only by some extrinsic matter, then, the officer is excusable, and the party only liable, for the officer can judge only from what is apparent on *the face of the process.* That the executions issued by the clerk in favor of the officers of Court against the defendant for costs, were erroneously issued there can be no doubt, for the simple reason that there is no judgment of the Court which would authorize them to be issued in that form, and they would be set aside upon application to the Court for that purpose. But the executions have not been set aside by the judgment of the Court, so far as the record informs us, and until that is done, the sheriff cannot be considered as a trespasser, even by *relation.* 1st Chitty's Pleading, 187; 7th Comyns' Dig., 522; Parsons vs. Lloyd; 2nd Wm. Blackstone's Rep., 845; Chapman vs. Dyett, 11th, Wendell's Rep., 31. The result of our judgment therefore is, that inasmuch as the complainants have not an adequate remedy at law against the sheriff as a *trespasser* for damages, and the complainants not being parties to said executions so as to make an affidavit of illegality thereto, the alleged purchaser of the land being *insolvent,* such a case is made by the record as entitles the complainants to an injunction, and that the Court below erred in sustaining the demurrer, and dismissing their bill. Let the judgment of the Court below be reversed.