BENJAMIN M. WILKINSON, plaintiff in error, *vs.* JOSEPH A. BENNETT, ordinary, for use, defendant in error.

1. A tax collector who has collected money under orders of the ordinary levying county taxes, cannot urge the invalidity of such orders as an excuse for not paying over the money to the county.

2. It is no sufficient accounting for the money so collected, for the collector to show that he has paid the same into the county treasury in liquidation of a balance against him on the tax digest of a previous pear.

Taxes.    Before Judge McCUTCHEN.    Dade Superior Court.    September Term, 1875.

Reported in the opinion.

E. D. GRAHAM, for plaintiff in error.

W. N. JACKOWAY; J. A. W. JOHNSON; D. A. WALKER, by brief, for defendant.

BLECKLEY, Judge.

The tax collector of Dade for the years 1870, 1871 and 1872 failed to give bond and security, in either year, for the collection and payment over of the county taxes. In 1874 he executed a mortgage to the ordinary, for the use of the county, upon certain lands, reciting such failure and his failure to fully account, and providing for securing the county in the premises. The mortgage, according to its terms, was to be void in the event the said collector, when thereunto required according to law, should fully account of and concerning said taxes, and pay over to the county treasurer such sum or sums

of money as should be found to be due on that account.    To 'a rule *nisi* brought to foreclose the mortgage, the collector set up, among other things, the invalidity of the several orders of the ordinary laying taxes for those years.    He admitted on the trial that he in fact collected a certain amount of the taxes assessed for the years 1871 and 1872; and, for that amount, the court made the rule absolute, foreclosing the mortgage for that sum only.    That judgment is complained of as error.

1. This proceeding is against the collector only.    No sureties are involved.    The collector used the orders to collect the money ; he now seeks to attack them to retain it.    He armed himself as a public agent with what was supposed to be good authority.    The authority was not resisted by the tax-payers. They did not complain that the taxes were illegally assessed, but paid over the money for the public use.    After this has been done, can the collector be heard to say that he must keep the money, because, perchance, the tax-payers may reclaim it? They have not reclaimed it, and possibly may never do so. If they should, and the collector should be forced to refund it, the proper legislation can doubtless be had for his relief. It is not to be presumed that the state will leave a faithful but unfortunate public officer to suffer by restoring the money illegally taken from the citizen, and paid over to the county for public use.    On the score of strict law, however, we think the collector cannot protect himself by alleging a title to this money outstanding in the tax-payers from whom it was received.    The collector is an agent, and, as such, received the money.  The public is his principal, for whom it was received. The Code declares in section 2188, that "an agent cannot dispute his principal's title except in such cases where legal proceedings, at the instance of others, have been commenced against him."

2. Nor can the showing made by the collector that he paid over this money to the county treasurer on the balance against him for the year 1870, avail him.    That balance, so far as appears to us, was for legal taxes which he collected or ought to have collected.    To use money arising from the taxes of 1871

and 1872, for any purpose but to pay it over on the digests of those years, was to convert it, and take the benefit of it himself. He collected it as the taxes of 1871 and 1872, and let him so account for it.

Judgment affirmed.