WATTS, administrator, *et al. vs.* COLQUITT, governor, for use.

1. Where a rule absolute has been obtained against a sheriff, and suit is brought on his bond upon failure to pay over the amount, the sureties can set up any defense to the action which the sheriff could have urged to the rule.

(*a*) As the sheriff could not have attacked the validity of the process under which he collected money in his hands, neither can his sureties do so.

2. Where error is assigned on the rejection of documentary evidence, it should be set out in the bill of exceptions, if the case is brought up without a motion for new trial, in order that this court may judge of its admissibility.

(*a*) From what has been set forth before this court, we cannot say that the execution under which the sheriff acted was invalid.

Sheriffs.   Principal and surety.   Evidence.   Practice in the Supreme Court.   Before Judge HOOD.   Stewart Superior Court.   October Term, 1880.

Reported in the decision.

R. F. WATTS ; E. H. BEALL, for plaintiffs in error.

No appearance for defendant.

JACKSON, Chief Justice.

This suit is brought on a sheriff's bond against the administrator of the sheriff and the sureties on his official bond.   The breach set out in the declaration, is the failure of the sheriff to pay over certain moneys collected by him on a certain *fi. fa.* in his hands.   That the money was collected by the sheriff is not denied, and that on a money rule against him to pay it over, a rule absolute and attachment was issued and still it was not paid by the sheriff, are also admitted facts.

That the sheriff is liable is therefore clear, and that fact is not contested.   The sureties, however, defend on the ground that the execution, by virtue of which the money was collected is a void process, and that they are not bound by the rule absolute against the sheriff, because they were not parties to it, and were not heard thereon ; and the error assigned is that the court rejected the decree, bill, etc., on which the execution which raised the money issued, as testimony,—holding that the sureties were bound by the rule absolute, and that the testimony offered did not show the invalidity of the execution.

1. In 56 *Ga.*, 290, this court held that a tax collector who has collected money under orders of the ordinary levying county taxes, cannot urge the invalidity of such orders as an excuse for not paying over the money, but the court in the opinion delivered by Bleckley, Justice, says that " this proceeding is against the collector only,

no sureties are involved," thereby intimating that the sureties might plead the invalidity of the orders. In 18 *Ga.*, 56, this court sustained an affidavit of illegality filed by a tax collector and his sureties on the ground of the invalidity of the order on which the money was collected; and it is difficult to see why the sureties of the sheriff should be held to a more stringent rule. It is to be observed, however, that in the case in 18 *Ga.*, no distinction seems to be made between the tax collector and his sureties.

The question here is, what effect has this rule absolute on the sheriff and on his sureties. That the sheriff is concluded by it on a suit on the bond is clear. It was so held in the leading case in our reports—7 *Ga.*, 445—and there, too, it was held that the sureties could "set up any defense which the sheriff himself could in answer to the original rule which was taken against him." So it would seem from that case that the sureties could only set up such a defense as the sheriff could have done in answer to the rule. Could the sheriff, with the money in his pocket collected under it, have set up the invalidity of the process by which it was brought into court? Certainly not. The tax collector was not allowed to do this in the case in 56 *Ga.*, 290; and to rule that the sheriff could, would seem to outrage all reason and principle as well as the clear public policy to allow no agent of the public to dispute the legality of the means by which he collects money for the public, or for any citizen *virtute officii.*

In the case of *Taylor et al. vs. Johnston, governor, for the use, etc.,* 17 *Ga.*, 521, Judge Lumpkin evidently thought sureties as well as sheriff were concluded as to the breach of the bond by the rule absolute, for he says: "Is not his disobedience to the rule absolute such 'official misconduct' as constitutes a breach of the bond? And is not the judgment against him conclusive against the sureties and everybody else of that fact?"

But in this case it is not necessary to go so far. It is

enough to say that the sureties can set up now what the sheriff could have set up in answer to the rule, in defense, and as the sheriff could not have disputed the validity of the execution on the rule against him, the sureties cannot now do so. This accords fully with the rule in 7th *Ga., supra*, and concludes the point made by the sureties here.

2. Besides, the execution is not invalid. It may be irregular. The decree, however, is that certain property be sold and that this legatee be paid his legacy. We presume that the bill would show the amount of it, but it is not in the record, and we cannot well say that the court erred in rejecting it or the decree based upon it, unless that bill and the answers were in the record.

It was the duty of the plaintiff in error to set it out in his bill of exceptions and show thereby the error. It was a bill of direction and interpleader, it seems from what is said about it, and the issue was whether this legacy and another abated, and the decree is that there was no abatement.

It was equivalent to a money decree for that legacy. The decree, too, is that the specific property be sold to pay it and other liabilities, but it is not that the executors sell.

In every view of the case we see no plain path which the law makes out for us but to affirm the judgment, and require this sheriff and these sureties to pay over the money which the rule absolute required him to pay, and the neglect and refusal to pay which under that rule was a breach of his and their obligation.

Judgment affirmed.