JEFFERSON *vs.* HARTLEY, sheriff, *et al.*

1. If the sheriff, in executing a writ of possession, remove from the premises any person not mentioned in the writ and not within its legal operation according to section 3638 of the code, such removal amounts to official misconduct, and he thereby subjects himself and his sureties to an action upon his official bond at the suit of the person so aggrieved.
2. No preliminary recovery against the sheriff for the wrong is requisite to entitle the injured party to sue on the bond.

January 23, 1889.

Officers. Sheriffs. Torts. Principal and surety. Actions. Before Judge GUSTIN. Crawford superior court April term, 1888.

Reported in the decision.

M. G. BAYNE, by brief, for plaintiff.

No appearance for defendants.

BLECKLEY, Chief Justice.

This was an action upon the sheriff's bond, brought by a woman who alleged that the sheriff, when executing a writ of possession against her husband, expelled her from certain land, she having title to the same, and not having been a party to the ejectment cause against her husband, out of which the writ issued. The declaration was demurred to, upon the ground that an action upon the bond would not lie in the first instance; that the sheriff had to be first sued and a recovery had against him. The demurrer was sustained and the action dismissed.

The case was argued here for the plaintiff in error alone, there being no appearance for the defendants in error. So we have not had the benefit of representation on both sides, and we confine our adjudication to the exact point made by the demurrer, not investigating carefully the allegations of the declaration so as to see whether all the elements of a good action are set out. The demurrer being confined to a single point, our judgment is restricted accordingly. We however say, upon the general question of a right of action by one turned out of possession who is not named in the writ nor within its legal operation, the right certainly exists. If the sheriff, in endeavoring to execute a writ of possession, expels from the premises any such person, the person expelled would have a cause of action. As to who will come within the operation of the writ, there may be some question. Section 3638 of the code deals with the matter in a general way, and some adjudications have been had, as for instance, *Rodgers vs. Bell*, 53 *Ga.* 94, and *Stokes vs. Morrow*, 54 *Ga.* 597, throwing light upon the subject.

We are not to be understood as doubting that a husband can be removed from specific realty by a writ of

·possession against him, though the land may belong to his wife. What we suggest is, that the wife cannot be removed from her own land by virtue of a writ to which she is no party, unless by reason of the special facts of the case, she falls within some class of persons against whom the writ silently operates by the rules of law. Here the wife sues, not for the removal of her husband, but of herself. She raises no question as to the legality of his removal. Of course, when the sheriff has an express order from a court of competent jurisdiction to expel a particular person, or when the law points out a class of persons to be expelled, he commits no tort by obeying the writ, and is protected. This principle, as it affects the seizure of property, is ruled in Buck *vs.* Colbath, 3 Wall. 334, in *Wallace vs. Holly,* 13 *Ga.* 394, and in *Chipstead vs. Porter,* 63 *Ga.* 220.

1. As to suit upon the bond where there is a cause of action, our code, section 12, and section 160, paragraph 4, is decisive. The former section is as follows : "All bonds taken from public officers shall be kept in the places specified by law, and copies thereof shall be furnished to any person desiring them. Suits thereon may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose." The latter relates likewise to the bond of every officer, and paragraph 4 reads thus : "For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office, as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." And upon general law, without reference to these express provisions of the code, the decided weight of authority respecting suit on the sheriff's bond, seems to be on the same line. The cases on both sides of the question are

cited, and seem to be fully discussed, in Lammon *vs.* Feusier, 111 U. S. 17. It was there held that the United States marshal was subject to action upon his bond by one whose property had been seized under a general attachment on mesne process against a third person. So we think there is no obstacle, in the light of general law, and certainly none under our code, in the way of a stranger to the process bringing an action upon the bond for an injury done by a sheriff under color of his office.

2. And we are quite certain that the action, when it lies at all, lies in the first instance directly upon the bond. There is no requirement of law that any preliminary proceeding against the sheriff shall be had, in the nature of an action at common law against an administrator or executor to establish a *devastavit*, before the bond can be sued upon. We think that the ground of demurrer presented was not good, and that the court erred in dismissing the action upon that ground.

Judgment reversed.