### HARRIS *et al. v.* BLACK *et al.*

1. In a suit on a sheriff's official bond, allegations that an execution showed on its face that the judgment on which it was based was dormant, and that this was known to the sheriff, but he nevertheless levied the execution on land of the plaintiffs, sold it, and ejected them from possession, set out a cause of action.

2. Where it was alleged that the administrator of the estate of an intestate died and no other administrator was appointed, that there was no necessity for any further administration, and no debt against the estate, that the heirs were all sui juris, and had taken possession of the real estate, and that the sheriff knowingly made a void levy on the land under an execution based on a dormant judgment, sold the property, and evicted the heirs therefrom, this showed a right of action by the heirs, and under the Civil Code (1910), § 12, such heirs could bring the suit in their own names on the official bond of the sheriff.

3. If a sheriff made a void sale of land in the possession of heirs of a decedent whose estate was unrepresented and as to which no representation was necessary, and evicted them, and delivered possession to the purchaser, but the heirs negligently allowed the purchaser to remain in adverse, peaceable possession until he obtained a title by prescription, in a suit by them on the sheriff's bond they could not recover the value of the land, with mesne profits, on the ground that they had lost the title.

(a) The allegations showed no good reason for the failure to sue for the land until prescription had ripened.

4. Where suit was brought on the official bond of a sheriff on account of a wrongful levy and sale and an eviction under the void sale, and where the allegations were sufficient to authorize a submission to the jury of the good or bad faith of the sheriff, under the Civil Code (1910), § 299, it was erroneous to dismiss the action as a whole, although the special damages sought to be recovered might not be recoverable.

5. Under the statutes of this State and the former decisions of this court, a suit for a breach of the official bond of a sheriff, if brought within twenty years from the breach, will not be barred because an action sounding in tort or contract on account of his breach of duty, against the sheriff alone, not on the bond, might be barred.

JUNE 17, 1915.

Action upon bond. Before Judge Worrill. Early superior court. April 8, 1914.

On March 15, 1913, J. M. Harris and others brought suit against L. E. Black, former sheriff of Early county, and the Fidelity and Deposit Company of Maryland, as surety on his official bond. The petition as amended alleged in substance as follows: The plaintiffs are the sole heirs at law of J. M. Harris, deceased. At the date of his death he was in possession of a described tract of land containing about 250 acres. The administrator appointed on his estate died, and there is now no administrator, nor is there any necessity for an administrator, the plaintiffs being sui juris, and there being no debts against the estate. At an election held in 1898 Black was elected sheriff for a term of two years from January 1, 1899, and gave a bond with the Fidelity and Deposit Company of Maryland as surety. On March 4, 1899, during his term of office, he levied

upon the land by virtue of an execution which had issued from the superior court on November 2, 1881, based upon a judgment rendered at the October term, 1881, of the court, in favor of one Robinson against the administrator of Harris. Upon this execution no entry was made from its date until April 8, 1890. The property was exposed for sale and knocked off to certain purchasers. A deed was made by the sheriff on September 12, 1900, and he placed the purchasers in possession on that date, having ejected the plaintiffs therefrom. The execution was dormant, and not legally enforceable against the estate of Harris; and this appeared on the face of the execution, and was known to the sheriff when he made the levy and sold the property. The land can not now be recovered by the plaintiffs, for the reason that the purchasers at the sale and those claiming under them have acquired a good title thereto by prescription. The plaintiffs did not ascertain that the execution was dormant, and that the levy, sale, and deed made by virtue thereof were void, until on or about January 1, 1913, too late to bring a suit against the purchasers of the land, or those claiming under them, for the purpose of recovering it. By reason of the wrongful conduct of the sheriff in making the levy and sale the official bond given by him was breached. The property was of the value of $10,000, and the rents, issues, and profits since the sale have been of the yearly value of $300. The defendants demurred to the petition on several grounds, one of them being that it appeared on the face thereof that the action was barred by the statute of limitations. They also objected to the allegation to the effect that the plaintiffs did not ascertain that the execution was dormant, and that the levy, sale, and deed made by the sheriff were void, until on or about January 1, 1913, too late to bring an action to recover the land from the holders of it. The court sustained this objection and the demurrer, and dismissed the action. The plaintiffs excepted.

*Rambo & Wright,* for plaintiffs.

*Little, Powell, Hooper & Goldstein,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

1. After a judgment has become dormant, the execution based on it is not enforceable by levy, and a sale thereunder is void. *Welch* v. *Butler,* 24 *Ga.* 445; *Davis* v. *Comer,* 108 *Ga.* 117 (33 S. E. 852, 75 Am. St. R. 33); *Conley* v. *Redwine,* 109 *Ga.* 640 (35 S. E. 92, 77 Am. St. R. 398). In *McDougald* v. *Dougherty,* 12

*Ga.* 613, it was held that the levy of an execution against one person upon property in the possession of another, and not subject thereto, was a trespass. In *Hall* v. *Lyon,* 37 *Ga.* 636, where a clerk had erroneously issued executions for cost, but they were apparently regular on their face, it was held that the sheriff was not a trespasser because of levying them. In the opinion Chief Justice Warner said: "It may be stated, as a general legal proposition in regard to the liability of officers executing process, that when the process is void upon the face of it, it will never afford protection to the officer executing it; but he is liable to an action as well as the party obtaining it; but when the process is apparently good and regular on the face of it, and can be avoided only by some extrinsic matter, then the officer is excusable, and the party only liable, for the officer can judge only from what is apparent on the face of the process." In *Boyd* v. *Merriam,* 53 *Ga.* 561, Trippe, J., after citing the case of *McDougald* v. *Dougherty,* supra, said: "If the levy itself did not constitute a trespass, the sale and delivery of possession by the sheriff to the purchaser would complete it."

The petition alleged that the execution showed on its face that the judgment was dormant, that this was known to the sheriff when he made the levy and sold the property, and that he ejected the plaintiffs and put the purchaser in possession. This showed a case of trespass and a breach of the sheriff's official bond.

2. The plaintiffs alleged, that they were the heirs of the former owner of the lot, whose administrator was the defendant in execution; that the administrator was dead, and there was no further administration on the estate and no necessity therefor, there being no debts, and all the heirs being sui juris; and that they were evicted by the sheriff, who placed the purchaser at the void sale in possession.

Upon the death of the owner of real estate, the title vests immediately in his heirs at law, subject to administration. Civil Code (1910), § 3929. While an administrator continues as such, the right to recover possession of the estate from third persons is solely in him; but if there be no administrator, the heirs at law may take possession of the lands, or may sue therefor in their own right. Civil Code (1910), § 3933. Under the allegations of the petition, the plaintiffs were in lawful possession of the property, and an unlawful interference with their possession gave them a

right of action. The Civil Code (1910), § 12, provides that a suit on an official bond may be brought in his own name by any person aggrieved by the official misconduct of the officer. By section 291 it is provided that the principal and sureties on an official bond are bound, among other things, "for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his [the principal's] office as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." There can be no doubt that the levy, sale, and placing of the purchaser in possession were done under color of the office of sheriff. *Luther* v. *Banks,* 111 *Ga.* 374 (36 S. E. 826).

3. The sale and deed were made in 1900. Suit was brought on the bond in 1913. The plaintiffs sought to recover the value of the property and the rents, issues, and profits thereof during that time, alleging that a prescriptive title had ripened against them, and that they had thus lost the property. Prescriptive title involves something more than a levy, sale, and placing of the purchaser in possession. It includes the holding of exclusive, adverse possession for the statutory period, peaceably, accompanied by a claim of right, and not originating in fraud. Civil Code (1910), § 4164. It involves a failure on the part of the holder of the superior title to properly assert it within the time limited. The holding of possession adversely and peaceably by the purchaser, and the failure of persons claiming to have a superior title to assert it within the statutory period, can not be held to be the proximate results of the sheriff's making a void sale. The owners of the title could not sit by and allow their right to recover the property to become barred by lapse of time and recover against the sheriff for having done so. There is no sufficient allegation to show that they were misled by the sheriff or prevented from recovering their property. The averment in the amendment that they did not know that the judgment was dormant and the sale void until about January 1, 1913, was not sufficient to relieve them of the results of their own delay. They alleged that the execution showed on its face that the judgment was dormant, and that they were dispossessed under the sale; yet for about thirteen years they did not ascertain what was patent on the face of the papers.

4. The general rule is that if a petition shows the breach of a

contract, although the special damages claimed may not be recoverable, yet the entire petition will not be dismissed, because the plaintiff has the right to prosecute his action in order to vindicate his right. Civil Code (1910), § 4397; *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58); *Graham & Ward* v. *Macon etc. R. Co.,* 120 *Ga.* 757 (49 S. E. 75). In actions founded on tort, if the injury be small, nominal damages may be awarded. Civil Code (1910), § 4502. With reference to official bonds the Civil Code (1910), § 299, declares, that the measure of damages for misconduct of the officer, "unless otherwise specially enacted," shall be the amount of injury actually sustained, including the reasonable expenses of the suit to the plaintiff, besides the costs of the court; but that in all cases where little or no damage is actually sustained, and the officer has not acted in good faith, the jury may find for the plaintiff an amount, as smart-money, which, taking all the circumstances together, shall not be excessive nor oppressive. It was alleged that the sheriff levied the execution after the judgment became dormant, sold the property, and evicted the plaintiffs, and that he acted with knowledge of the facts. These allegations were sufficient to authorize the submission to the jury of the question of good faith on the part of the sheriff. Although the special damages alleged may not have been recoverable, this did not authorize the dismissal of the action as a whole.

5. The last question for consideration is whether the petition showed on its face that the action was barred by the statute of limitations. The Civil Code (1910), § 4359, declares that "actions upon bonds or other instruments under seal shall be brought within twenty years after the right of action accrues." In several of the States the courts have held that an action on an official bond can not be maintained where the statute of limitations would bar an action against the officer not brought on the bond. The general theory on which these rulings is based is that the bond does not of itself create a liability, but is in the nature of a collateral security or obligation, and that where an action is barred against the principal debt or cause of action it is likewise barred against the security. In some of these decisions the statute of limitations is referred to as if it operated upon the cause of action, rather than upon the remedy; and in some of the jurisdictions where a decision of that kind has been rendered there was a statute expressly limit-

ing suits against officers. Thus in the early and leading case of State v. Conway, 18 Ohio, 234, it appears that there was a statute in that State which declared that actions against officers for non-feasance and misfeasance in office should be brought within one year; and in the later case of State of Ohio v. Blake, 2 Ohio. St. 147, emphasis was laid on the fact that the legislature had in terms limited all actions against the officer for malfeasance or nonfeasance in office to one year, and that it was not the legislative purpose to leave open the question of his liability in another form, for the same causes, for fifteen years. In some other cases, however, the same rule has been applied, although there was no statute expressly limiting actions against public officers. In one or more of these decisions the case has been analogized to that of a debt secured by a mortgage, where the mortgage creates a lien but does not convey the fee; and it has been said that when the principal debt is barred no action can be maintained upon the mortgage itself, which is a collateral security for the debt. In one or two jurisdictions it has been held that the same reasoning applies to an action on an administrator's bond as to one based on the bond of a public officer. In this State the exact point as to an official bond has not been passed upon. But the condition prescribed by the statutes for the official bond of a sheriff and that of an administrator or guardian is similar. Civil Code (1910), §§ 4906, 3972, 3047. The duties of a sheriff are, of course, different from those of a guardian or an administrator. But this can not make a difference as to the point now under consideration, if there is a breach of the bond. As early as 1850 it was held, in *Elkins* v. *Edwards,* 8 *Ga.* 325. that when a creditor takes a mortgage to secure the payment of a promissory note, and the remedy on the latter is barred by the statute of limitations, his remedy on the mortgage is not necessarily barred— the debt being unpaid,—but the creditor may avail himself of the statutory remedy to foreclose his mortgage, in satisfaction of the debt. In the opinion Warner, J., said, that the creditor stipulated, by contract, for two remedies against his debtor, to enforce the collection of his demand, one by suit upon the note, in which he might obtain a general judgment against the defendant, and the other by foreclosure of the mortgage; that the creditor might pursue both at the same time until he had obtained satisfaction; that the remedy on the note might be barred, but the debt be not ex-

tinguished; and that, because the remedy on the note might be barred by the statute in six years, it did not follow that the creditor's remedy on the mortgage, being a sealed instrument, was also barred. In *Shipp* v. *Davis,* 78 *Ga.* 201 (2 S. E. 549), a debtor upon open account gave to the creditor a promissory note as a security for the payment, in part, of the account (this being the effect of the transaction, as declared by this court, p. 208). In a suit on the note it was pleaded that the account was barred, and that the note could not be collected. It was held, that the barring of the remedy by suit on the account by lapse of time simply caused the loss of one of the plaintiff's rights of action; that the debt survived, though that remedy for its recovery had perished; and that the suit on the note was not barred. In *Reid* v. *Flippen,* 47 *Ga.* 273, it was held that mere delay by a creditor to sue the principal debtor until the bar of the statute of limitations has attached as between them does not discharge the surety, if he has been sued in time; and that the surety is not damaged by the delay, since, if he has to pay the debt, he can recover from the principal on the implied contract to hold him harmless, and the right to sue on this implied contract does not exist until the money is in fact paid by the surety. The decision in 8 *Ga.,* and that just cited, have been codified in the Civil Code (1910), § 3268, which declares: "That the note or other evidence of debt is barred does not prevent the creditor thereafter availing himself of the mortgage or other security."

A distinction has been drawn between a mortgage made to secure a certain debt, and referring to it and thereby acknowledging it under seal, and an absolute deed containing no reference to the debt, where it was sought to foreclose the latter as a mortgage after the debt was barred. *Duke* v. *Story,* 116 *Ga.* 388 (42 S. E. 722); *Pusser* v. *Thompson,* 132 *Ga.* 280, 286 (64 S. E. 75, 22 L. R. A. (N. S.) 571). But it was not held that the bar of the statute would operate to revest title. Perhaps a distinction might also be drawn between a mortgage to secure a particular debt and a bond for the general performance of duty, though the language of the code section above cited is not confined to a mortgage. It does, however, refer to "the creditor." However that may be, it does not appear that any clear distinction as to the running of the statute of limitations, can be drawn between a suit on a guardian's bond

and on that of a sheriff, the conditions in the two being similar, as already noted. In *Ragland* v. *Justices of the Inferior Court,* 10 *Ga.* 65 (7), a suit was brought on the bond given by a deceased guardian, against his legal representative, to recover the estate of his ward. The sureties were not sued, but the action was against the administrator of the guardian alone. The statute of limitations of four years was pleaded, and evidence was offered to show that the plaintiff became twenty-one years of age more than four years before the death of the guardian; and it was contended that the suit would therefore be barred. The evidence was rejected. In the opinion (p. 74) it was said: "This being a suit at law on the bond, no limitation term is applicable to it but that which our statute prescribes for sealed instruments. The exception taken, therefore, on the ruling of the court, repelling the evidence offered to support the plea of the statute of limitations for four years, can not be sustained." As above mentioned, that was a suit against the administrator of the guardian alone on the bond; and yet it was held that the statute in relation to bonds and other sealed instruments was the one which applied, and not the statute prescribing a shorter period. This is in principle conclusive of the present case, and applies the doctrine of contracting for an additional method of procedure to a bond given for the faithful discharge of duty. The same ruling was announced, without discussion, in *Monroe* v. *Simmons,* 86 *Ga.* 344, 347 (12 S. E. 643). These rulings are binding upon us unless they should be reconsidered and reversed in the statutory method.

Whatever may be the ruling in other States, based on other statutes, if this is a suit on a bond, by the express words of our statute (Civil Code (1910), § 4359), and by previous decisions, the plaintiff has twenty years to bring suit after the right of action accrues. If it is not a suit on a bond, what is it? In *Burnett* v. *Smith,* 60 *Ga.* 314, it was held that a suit on a sheriff's bond was a suit on a contract. If so, and the contract is under seal, why does not the statute of limitations applicable to suits on bonds and contracts under seal apply to such a case? If the statute works any hardship, the legislature can change it; the courts can not do so. While this decision may not be in accord with those in some other States, it is not without basis in reason, under our statutes. Sheriffs are required to give bond conditioned for the faithful performance of

their duties as sheriffs, by themselves, their deputies, and their jailers, and upon the terms required by law. Civil Code (1910), § 4906. It is declared: "Every official bond executed under this Code is obligatory on the principal and sureties thereon—1. For any breach of the condition during the time the officer continues in office or discharges any of the duties thereof. . . 4. For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." Civil Code (1910), § 291. . Suit may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without any order for that purpose. Section 12. No preliminary recovery against the sheriff for the wrong is requisite to entitle the injured party to sue on the bond. *Jefferson* v. *Hartley,* 81 *Ga.* 716 (9 S. E. 174); *McCain* v. *Bonner,* 122 *Ga.* 842 (3), 844 (51 S. E. 36). These statutes and decisions recognize that the bond, a sealed instrument, obligates the principal and surety to answer for the misconduct of the officer, and that suit may be brought on this contractual obligation by any person aggrieved, without any preliminary recovery against the officer. There is in this State no statute specifying a limitation upon suits against public officers by name, not on their bonds; but under the general law which might render them liable in an action of tort or assumpsit, the limitation applicable to the particular action brought would apply. There is a statute fixing a limit of ten years as to suing executors, administrators, guardians, or trustees, except on their bonds. Civil Code (1910), § 4366. There is no such statute as to a sheriff. If it should be held that an action against a sheriff for a breach of a statutory duty fell within the provision of the statute in regard to the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law—which I do not think is the case (*Bigby* v. *Douglas,* 123 *Ga.* 635 (3), 636, 51 S. E. 606), the statutory period would still be twenty years. Civil Code (1910), § 4360. If the action were in the form of implied assumpsit, to recover money not paid over, the period would be four years. § 4362. Actions for trespass upon or damages to realty must be brought in four years. § 4495. And a similar period is applicable to actions for injuries to personalty. § 4496. Actions for injuries

done to the person must be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year. § 4497. At present the period of limitation applicable to several different actions is four years, but there is no certainty that the legislature will retain the same limitation. Thus if the action is brought against the officer individually, and not upon his bond, different periods of limitation may apply according to whether the action sounds in tort or in contract; and if the former, the limitation is dependent upon the particular character of the tort. Section 4359 requires suits on bonds and other instruments under seal to be brought within twenty years after the right of action accrues. So that if suit is brought upon an official bond under seal, for a breach thereof, either this general statute applies or else the principal and sureties may defend by setting up whatever one of several statutes of limitation might apply to a suit for the particular kind of wrong done, as if no bond had been given. See, in this connection, Bantley *v.* Baker, 61 Neb. 92 (84 N. W. 603); Schwearman *v.* Com., 99 Ky. 296 (38 S. W. 146). If the bond were not under seal, it might be good (Civil Code (1910), § 4, par. 7), but a different statute of limitations might possibly apply.

There was no error in sustaining the demurrer to the ninth paragraph of the original petition, on the ground that it did not appear therefrom how or in what manner the alleged levy and sale of the property under a dormant execution caused the plaintiffs to lose their property, or how they were endamaged thereby, and because the allegations in respect thereto were too indefinite and uncertain; nor was there error in sustaining the objection to the paragraph of the amendment which sought to set up that the plaintiffs did not ascertain that the execution was dormant, and that the levy, sale, and sheriff's deed were void, until about January 1, 1913. The facts now before us do not call for a consideration of the law of indemnity insurance.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*

ATKINSON, J. The levy of the execution being unlawful, because the judgment upon which the execution issued was dormant, the unauthorized levy was a tort based on an act of misfeasance. The tort was alleged to have been committed by the sheriff under

color of his office. The bond was the official bond of the sheriff, as required by the Civil Code, § 4906. The liability of the sheriff and his sureties on the bond included liability to "every person who is injured . . . by any wrongful act committed under color of his office." Civil Code, § 291. Applying these sections to the allegations of the petition, considered in connection with the recitals in the bond, the liability of the sheriff and his sureties to the plaintiff for the tort complained of was for breach of contract evidenced by the bond, notwithstanding the tort was based on an act of misfeasance by the sheriff. The statutory bond executed by the sheriff and his sureties was under seal, and is to be dealt with as if the provisions of the Civil Code, § 291, were expressly written therein. So treated, the period of statutory limitations (twenty years) as provided in the Civil Code, § 4359, is applicable. Not all that is said in the fifth division of the opinion meets with my approval, but, for the foregoing reasons, I concur in the result.