SLATON, Governor, for use, *v.* MORRISON, administrator, *et al.*

ATKINSON, J.   Patrick J. O'Connor was elected sheriff of Richmond county for the term of two years, commencing January 1, 1901, and executed an official bond which was signed by the Fidelity and Deposit Company of Maryland, as surety.   During his term of office he levied certain tax fi. fas. upon property of John P. Wilde, and in pursuance of the levies sold the property at the sheriff's sales for April, 1902, for $800.   After satisfying the tax executions there remained in his hands from the proceeds of the sale $545.20, which sum "was retained by the said Patrick J. O'Connor as sheriff and unlawfully mingled with his own property and continued so to be until the expiration of his term of office as sheriff, to wit, January 1, 1903, and from and after that time the said Patrick J. O'Connor unlawfully held and retained said sum of money, dealing with it as his own, until the 25th day of December, 1903, when he died."   Wilde having died, an action was instituted in 1914, in the name of the Governor for the use of the administrator upon the estate of Wilde, against the executrix named in the will of P. J. O'Connor and

the Fidelity and Deposit Company of Maryland. The petition, as amended, alleged facts as indicated above; also that "the retaining of said sum of five hundred and forty-five and 20/100 ($545.20) dollars by the said Patrick J. O'Connor after the expiration of his term of office" constituted a breach of the bond, thereby rendering the principal and the surety on his bond liable for the sum stated, with interest thereon from January 1, 1903; and that the plaintiff demanded payment of the amount from the executrix of the will of O'Connor, which was refused. A judgment for the amount was prayed against the defendants. The defendants demurred on the grounds: (a) that the petition set forth no cause of action; (b) if there was ever a cause of action, it appears from the face of the petition that the right of action accrued more than four years before the commencement of the suit, and the action was barred by the statute of limitations. The demurrers were sustained and the action dismissed; and the plaintiff excepted. *Held:*

1. The petition was a suit on the official bond of the sheriff, and set forth a cause of action. Civil Code, §§ 1175, 5512, 4906; *Thompson* v. *Central Bank,* 9 *Ga.* 413; Throop on Public Officers, § 295; Taylor *v.* Easterling, 1 Rich. (S. C.) 310.

2. The action, having been instituted within twenty years from the alleged breach of the bond, was not barred by the statute of limitations. *Harris* v. *Black,* 143 Ga. 497 (5), 502 (85 S. E. 742).

(a) In reference to the applicability of the statute of limitations, the cause differs from *Thompson* v. *Central Bank,* supra, and *Harris* v. *Smith,* 68 *Ga.* 461, which were actions against sheriffs in money-rule proceedings, and were not actions for general judgment upon official bonds.

(b) The request to overrule the decision in the case of *Harris* v. *Black,* supra, is denied.

3. The judgment sustaining the demurrers and dismissing the action was erroneous.          *Judgment reversed. All the Justices concur.*
                                        DECEMBER 17, 1915.

Action upon bond. Before Judge Hammond. Richmond superior court. January 11, 1915.

*Callaway & Howard,* for plaintiff.

*William H. Fleming* and *Cumming & Hull,* for defendants.