9795.    PRINCE, sheriff *et al.* v. WOOD, ordinary.

WADE, C. J. 1. The contention as to bar by election of a different remedy is without merit. "The plaintiff may pursue any number of consistent concurrent remedies against different persons until he obtains a satisfaction from some of them." Civil Code, § 5522. "A rule absolute against the sheriff, ordering him to pay over money, is neither an extinguishment of his official security, nor a bar to a suit against his sureties. It is but one of several remedies which the injured party may use successively, until he obtains satisfaction." *Crawford* v. *Word*, 7 *Ga.* 445. See, on this subject generally, *Board of Education* v. *Day*, 128 *Ga.* 156 (57 S. E. 359).

2. Likewise the grounds of the demurrers raising the point that the action was barred by the statute of limitations are without merit. The bond sued on was under seal, and the limitation on such instruments is twenty years. Civil Code, § 4359. "The action, having been in-

stituted within 20 years from the alleged breach of the bond, was not barred by the statute of limitations. *Harris* v. *Black*, 143 *Ga.* 497 (5), 502 (85 S. E. 742)." *Slaton* v. *Morrison*, 144 *Ga.* 471 (2) (87 S. E. 390).

3. The other grounds of the demurrers, being wholly without merit, need not be more specifically passed upon.

4. No reversible error is shown by the assignment of error to the effect that in admitting in evidence the bond sued on the court erred because there was neither proof of its execution nor proof of the authority of the attorney in fact who executed it on behalf of the bonding company. There was no plea of non est factum by the defendants or either of them. Such a plea, being a dilatory plea, must be under oath and filed at the first term. Moreover, the defendants' answers admitted the execution of the bond.

5. The bond sued on and the rule absolute, having been properly admitted in evidence, were conclusive against the sheriff and showed prima facie liability on the part of the surety. This shifted the onus to the defendants, and while the surety would be permitted to prove anything ab initio which the sheriff (the principal) could have relied upon (*Crawford* v. *Word*, supra), they could not attack the validity of the process under which the sheriff raised the fund in controversy, since the latter could not do this himself,—they could not prove that which he could not prove. *Wilkinson* v. *Bennett*, 56 *Ga.* 290; *Walden* v. *County of Lee*, 60 *Ga.* 296; *Watts* v. *Colquitt*, 66 *Ga.* 492; *Mason* v. *Commissioners*, 104 *Ga.* 35, 45 (30 S. E. 513).

6. Sheriff's sales in Georgia are for cash; and therefore neither the sheriff nor his surety could raise the point that he never collected the money derived from such a sale. *Phillips* v. *Behn*, 19 *Ga.* 298; *Jones* v. *Thacker*, 61 *Ga.* 329; *McLendon* v. *Harrell*, 67 *Ga.* 440, 443.

7. There being no issue of fact to submit to a jury, the trial judge did not err in directing a verdict for the plaintiff.

　　　　　*Judgment affirmed. Jenkins and Luke, JJ., concur.*

　　　　　DECIDED NOVEMBER 12, 1918.

Action upon bond; from Laurens superior court—Judge Kent. April 22, 1918.

*John S. Adams, Hal B. Wimberly*, for plaintiffs in error.

*Ira S. Chappell*, contra.