18328. GARMANY, sheriff, for use, etc., *v.* SHAW.

Where the sureties on a forthcoming bond induce the sheriff to substitute another forthcoming bond, with new sureties, as in satisfaction of the first bond, and the plaintiff in fi. fa. brings suit on the first bond and the suit results in a verdict and judgment against him and in favor of the sureties, and he then brings suit on the sheriff's official bond and loses that suit (for the above-stated reason), he nevertheless can afterwards proceed against the sureties on the second forthcoming bond. The plaintiff in the present action was not estopped from bringing the action; the evidence demanded a verdict for him, and the court erred in directing a verdict for the defendant.

DECIDED NOVEMBER 16, 1927. REHEARING DENIED DECEMBER 13, 1927.

Complaint on forthcoming bond; from Walker superior court—Judge Maddox. May 4, 1927.

Application for certiorari was made to the Supreme Court.

In the motion for a rehearing it was alleged that the court over-

Election of Remedies, 20 C. J. p. 6, n. 54; p. 7, n. 55, 56.

looked the decision in *Stokes* v. *Wright,* 20 *Ga. App.* 325, and the fact that at the time of bringing the suit against the sheriff and his official bondsmen the plaintiff "knew of the existence of the forthcoming bond signed by defendant in error."

*D. F. Pope, M. B. Eubanks,* for plaintiff.

*Rosser & Shaw,* for defendant.

BROYLES, C. J. "Where property levied on has been released on a forthcoming bond and is not produced on the day of sale, the plaintiff in fi. fa. has two remedies. He can proceed directly against the sheriff by an action on the case, or by rule; or he can bring suit upon the forthcoming bond, either in his own name or in the name of the sheriff for his use, provided that he has ratified the action of the sheriff in accepting the bond where it was taken without the consent of the plaintiff in fi. fa. These two remedies are inconsistent, and where the plaintiff in fi. fa. elects to sue on the forthcoming bond, and the suit results in a verdict and judgment against him, he can not subsequently bring an action against the sheriff, either on that officer's official bond or by rule." *Hunter* v. *Garmany,* 36 *Ga. App.* 275 (136 S. E. 465), and cit. However, in such a case, and where the sureties on the forthcoming bond have induced the sheriff to substitute another forthcoming bond, with new sureties, as in satisfaction of the first bond, and the plaintiff in fi. fa. brings suit upon the first forthcoming bond and a verdict and judgment are rendered against him and in favor of the sureties, and he then brings suit on the sheriff's official bond and loses that suit (for the above-stated reason), he nevertheless can subsequently proceed against the sureties on the second forthcoming bond. His first action was an election to bring suit on the first forthcoming bond, and the present suit, brought against different sureties, is not inconsistent with the first action. The further fact that after verdict and judgment against him in the first suit, and prior to the present suit, he, under a supposed remedial right (which he did not have), sued the sheriff on his official bond, does not affect the above-stated ruling, and did not estop him from bringing the present suit. A plaintiff may pursue any number of consistent concurrent remedies against different persons until he obtains satisfaction from some of them. Civil Code (1910), § 5522; *Prince* v. *Wood,* 23 *Ga. App.* 56 (97 S. E. 457), and cit. Under

all the facts of the instant case, it would be a miscarriage of justice if the plaintiff failed to recover.

In view of the preceding rulings, the court erred in overruling the plaintiff's motion to strike paragraph 14 of the answer, which alleged an estoppel, and in admitting the documentary evidence set out in the fifth assignment of error in the bill of exceptions,— the record of the plaintiff's suit on the first forthcoming bond, and the verdict therein. The legal evidence demanded a verdict in favor of the plaintiff, and the court erred in directing a verdict for the defendant.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*