21609. TALMADGE *et al. v.* McDONALD.

Decided February 16, 1932. Rehearing denied March 2, 1932.

730

*J. K. Whaley, S. P. New, J. S. Adams,* for plaintiffs in error.
*W. S. Mann,* contra.

LUKE, J. (After stating the foregoing facts.) This case is a sequel to much litigation between the defendant Talmadge, as Commissioner of Agriculture, and various fertilizer inspectors who were appointed to office by Talmadge's predecessor in office. When Talmadge assumed office as Commissioner of Agriculture he refused to recognize them as fertilizer inspectors or to perform such official duties as would result in their receiving their salaries, and they,

or some of them, instituted mandamus proceedings, alleging, in substance, that they were lawfully holding said offices, that Talmadge as Commissioner of Agriculture had, without legal authority, attempted to remove them from office, and they sought to compel Talmadge, as Commissioner of Agriculture, to recognize their rights and perform such acts as would result in their receiving their salaries. Twelve times did the trial court render judgment against Talmadge in cases arising out of this fertilizer-inspector matter, twelve times did he appeal, and twelve times did the Supreme Court render decisions adverse to him. The Supreme Court held, in effect, that the fertilizer inspectors, being quasi-public officers commissioned for definite terms, were "not subject to removal by the Commissioner of Agriculture, except upon cause shown with notice and an opportunity to be heard." For further history of the preceding stages of the case see *Talmadge* v. *Cordell*, 167 *Ga.* 594 (146 S. E. 467) ; 170 *Ga.* 13 (152 S. E. 91) ; *Talmadge* v. *McDonald*, 171 *Ga.* 592 (156 S. E. 318). The Supreme Court held also that persons having distinct and separate interests in the subject-matter could not join as relators in an application for mandamus.

The petition having alleged that "by reason of the failure of said Eugene Talmadge as Commissioner of Agriculture to faithfully and truly perform the duties of his said office, . . he has injured and damaged your petitioner in the breach of his said bond;" and the petition alleging that the nonperformance was continuing, and the bond attached to the petition as an exhibit being under seal, the action is not barred by the statute of limitations, and the demurrer based on that ground was properly overruled. *Harris* v. *Black*, 143 *Ga.* 498 (5) (85 S. E. 742) ; Civil Code (1910), § 4359. The other two demurrers of the defendants are so nearly the same they will be considered together.

Does the petition allege a cause of action? Could the plaintiff sue in his own name? Was the bond, being signed before the statute required a bond, a nudum pactum? These three issues raised by the demurrers will be considered together. The statute approved August 23, 1927 (Ga. L. 1927, p. 206), requires the Commissioner of Agriculture "to give a bond of $50,000 as a guaranty of the faithful performance of the *duties* of his office, and for the proper accounting for all monies, fees, etc., received by the office, said

bond to be furnished by a surety company. . ." (Italics ours.) The Supreme Court, in the *Talmadge* cases above referred to, held in effect that a fertilizer inspector was not subject to removal by the Commissioner of Agriculture without notice and an opportunity to be heard, and that it was the official *duty* of the Commissioner of Agriculture to recognize inspectors and draw warrants on the treasury for payment of their salaries up to January 1, 1928, and after January 1, 1928, to recognize them as such inspectors, thus enabling them to be paid under the terms of the act approved August 18, 1927 (Ga. L. 1927, p. 311). The bond attached to the petition provides for the faithful performance by the Commissioner of Agriculture of *all the duties* of his office. The petition alleges that Talmadge made this bond, with National Surety Company as surety, for his faithful and true performance of *all the duties* of said office, that "the bond made and filed by the defendant Talmadge as Commissioner of Agriculture to comply with the act of 1927 requiring bond of him is the only bond that he did make and file, and is the bond under which he acted as Commissioner of Agriculture during said time." And the petition alleges that said Commissioner of Agriculture failed to perform his official *duties* in the manner and to the extent set out, and thereby breached his bond, and injured and damaged petitioner. This sets out a cause of action.

The bond sufficiently meets the requirements of "bonds of public officers required by law to give bond," as provided by § 278 of the Code of 1910, and every such official bond "is obligatory on the principal and sureties thereon. 1. For any breach of the condition during the time the officer continues in office or discharges any of the duties thereof. 4. For the use and benefit of *every person* who is injured, as well as by any wrongful act committed under color of his office as by his failure to perform, or by the improper or neglectful performance of those *duties* imposed by law." (Italics ours.) Civil Code (1910), § 291. "All bonds taken from public officers shall be kept in the places specified by law, and copies thereof shall be furnished to any person desiring them. Suits thereon may be brought by *any person* aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose." (Italics ours.) Civil Code (1910), § 12. See also *Collins* v. *McDaniel*, 66 *Ga.* 203, 205; *Jeffer-*

*son* v. *Hartley,* 81 *Ga.* 716, 718, 719 (9 S. E. 174) ; *Aaron* v. *German,* 114 *Ga.* 587 (40 S. E. 713).   The plantiff had a lawful right to sue in his own name for damages resulting from a breach of the bond.

The signing of the bond, under the circumstances of this case, before the act requiring it was passed does not render the contract of suretyship a nudum pactum.   The statute (Ga. L. 1927, p. 206) required the Commissioner of Agriculture to give a bond as a guaranty of the faithful performance of his official duties.   The petition alleges that the bond sued on is the bond that he gave "for his faithful and true performance of all the duties of said office;" that this "is the only bond that he did make and file, and is the bond under which he acted as Commissioner of Agriculture during said time."   If the bond is such an one as to render the contract of suretyship a nudum pactum, then, according to the allegations of the petition, the commissioner was serving without complying with the law requiring him to give bond.   If it is a bond of a public officer as contemplated by § 12 of the Code, which it is, then "any person aggrieved by the official misconduct of the officer" may sue on it.   Assuming that the bond may be irregular in some respect, it was acted upon by the Commissioner of Agriculture as his official bond, and "stands in the place of the official bond, subject, on its condition being broken, to all the remedies, including the several recoveries, which the persons aggrieved might have maintained on the official bond."   Civil Code (1910), § 298.

■   The petition as a whole alleges facts that tend to show bad faith.   It alleges that Talmadge, as Commissioner of Agriculture, "persistently refused to recognize petitioner" as a fertilizer inspector, and that said commissioner was "stubbornly litigious." "The allegations were sufficient to authorize a submission to the jury of the good or bad faith" of the commissioner (*Harris* v. *Black,* supra), and the ground of the demurrer based on the failure of the petition to allege bad faith is without merit.   The gist of petitioner's complaint is that his damage is the result of defendant's failure to perform his official duty in specified respects.

■   The complaint in the demurrer, that the petition fails to allege that the plaintiff was able, willing, or competent to perform the duties of fertilizer inspector, is without merit.   The petition clearly shows that the reason plaintiff did not perform the

duties of inspector was because the Commissioner of Agriculture refused to recognize him as such, and refused to furnish him the necessary equipment. The plaintiff was a quasi-public officer, already selected for the office and commissioned for a definite term, and had not been proved incompetent or unwilling to serve. The Commissioner of Agriculture has no inherent power to remove arbitrarily such an officer, unless it be shown, on a proper hearing, that he is incompetent or for some reason disqualified to serve. *Talmadge* v. *Cordell,* 167 *Ga.* 594 (5) (supra) ; *Holder* v. *Anderson,* 160 *Ga.* 433 (2) (128 S. E. 181).

■ The ground of demurrer contending that the petition shows that the commissioner acted in a judicial capacity, and that, therefore, he is not liable is without merit. The petition does not show that the acts of the commissioner of which complaint is made were judicial in the sense that would relieve him from liability. Furthermore, "powers conferred upon a public officer can be exercised only in the manner and under the circumstances prescribed by law, and any attempted exercise thereof in any other manner or under different circumstances is a nullity." C. J. 1033, § 790. See also 22 R. C. L. 478, § 151.

■ The ground of the demurrer alleging that the plaintiff elected to proceed by mandamus and is therefore now estopped from pursuing the present remedy is without merit. In cases of election the remedies must be inconsistent. The mandamus proceeding was for the purpose of compelling the recognition of the plaintiff as fertilizer inspector, and established his right to such recognition and to the salary as inspector both before and after January 1, 1928. It was contended therein that the plaintiff was the de jure officer and therefore entitled to the salary. In this case the plaintiff contends that as a result of the commissioner's failure to perform his official duties, as provided by statute and determined in the mandamus cases, he has breached his bond and has *damaged* plaintiff. Fundamentally, mandamus proceedings are to compel performance of official duties and not to recover damages. The plaintiff may pursue consistent remedies, and it was entirely consistent for the plaintiff, after establishing his right to recognition as a fertilizer inspector and to the salary incident thereto, to sue for damages resulting from the commissioner's failure to recognize these rights and to perform his official duty accordingly. Civil Code (1910),

§ 5522; *Prince* v. *Wood*, 23 *Ga. App.* 56 (97 S. E. 457); *Crawford* v. *Word*, 7 *Ga.* 445.

■ The demurrer attacks also the 14th paragraph of the petition, seeking to recover costs. The petition shows that the costs alleged are those incurred in the previous cases. The right to such damages is regulated by legislative enactment, and it is true that the Georgia statute is rather liberal in this regard. It provides that "the measure of damages upon all official bonds for the misconduct of the officer, unless otherwise specially enacted, shall be the amount of injury actually sustained, including the reasonable expenses of the suit to the plaintiff, besides the costs of court." Civil Code (1910), § 299. It is true that payment of costs is an "injury actually sustained," and had the statute read reasonable expenses *including* court costs, the previous court costs might have been considered as one of the reasonable expenses incurred. But since the statute provides for the expenses of *the* suit, besides the costs of court, we construe it to mean *the* present damage suit under consideration, and not the previous litigation. We therefore hold that the plaintiff could not lawfully recover for these two items of costs in previous litigation ($78.50 and $26.25), and that the court erred in overruling the demurrer to this paragraph of the petition.

■ The demurrer attacks also the 15th paragraph of the petition, which alleges that "said commissioner has been stubbornly litigious and has forced petitioner to employ counsel to bring this suit, as well as said mandamus proceedings, . . and has thereby caused petitioner to expend and incur an obligation to pay the sum of $500 attorney's fees." "Plaintiff in such an action is not entitled to recover for sums expended in the employment of counsel to secure reinstatement." Fallon *v.* Wright, 82 App. Div. 193 (81 N. Y. Supp. 758). While, strictly speaking, the mandamus proceedings in the preceding stages of the case which resulted in the case sub judice were to compel recognition of the plaintiff's rights rather than to secure reinstatement of plaintiff, yet the principal announced in the Fallon case and quoted above is applicable to this one. So much of the attorney's fees as were for services rendered in the mandamus proceedings can not lawfully be recovered in this case. In view of the allegations of the petition as a whole, tending to show bad faith of the commissioner, and particularly those charging that the commissioner "continuously and persistently

refused to recognize petitioner as such inspector of fertilizers," and that said commissioner was "stubbornly litigious," and in view of the statute as contained in the Civil Code (1910), § 299, so much of said attorney's fees as constituted actual damage or injury and are "reasonable expenses" of the present damage suit may be recovered upon proper proof to the satisfaction of the jury. This paragraph of the petition was subject to demurrer.

■ It has been judicially determined that the plaintiff was legally entitled to recognition as a fertilizer inspector during the time alleged, and the petition as a whole plainly alleges a cause of action and shows that plaintiff was damaged by the defendant Talmadge failing to perform his official duty to recognize plaintiff as such inspector, furnish him proper equipment, draw warrants, etc.

The trial court is directed so to amend the order overruling the demurrers as to require the plaintiff to amend his petition by striking, as an item of damages, the court costs in the previous proceedings, as alleged in the 14th paragraph of the petition, and by striking, as an item of damages, so much of the attorney's fees referred to in the 15th paragraph as are for services in the mandamus proceedings, and by changing the total amount sued for in accordance therewith; the order providing that if such amendments to the petition are made, the demurrers stand overruled, otherwise sustained.

*Judgment affirmed, with direction. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*