ELIZABETH ANSLEY, by her next friend, plaintiff in error, *vs.* JOHN R. WILSON, defendant in error.

Where an affidavit of illegality was pending at the passage of the Relief Act of October 13th, 1870, and soon after the passage of that Act the affidavit of payment of taxes was attached by the plaintiff in execution to the *fi. fa.* and filed in office, and the case was regularly called at the succeeding March term of the Court, up to which time no counter-affidavit to the affidavit of the payment of taxes had been filed by the defendant, nor was any evidence offered by him in support of his affidavit of illegality, whereupon the illegality was on motion dismissed, it is too late then for him again to arrest the plaintiff's execution by filing the counter-affidavit provided for in the fifth section of the Relief Act of 1870.

Illegality. Second affidavit. Relief Act of 1870. Tax affidavit. Before Judge GREENE. Newton Superior Court. September Term, 1871.

An execution in favor of Elizabeth Ansley, by her next friend, against John R. Wilson, for the sum of $1,627 50 principal, besides interest and costs, dated October 4th, 1867, based upon a judgment entered up on September 26th, 1867, was, on March 3d, 1868, levied upon certain property of defendant. On November 12th, 1870, an affidavit as to the payment of the taxes due upon said indebtedness was filed by the plaintiff, as required by the Act of October 13th, 1870.

On March 3d, 1869, defendant filed an affidavit of illegal-

ity, stating that said execution was based upon a judgment obtained on a note signed and executed prior to June 1st, 1865, "that said note falls under the Relief Laws of said State, and affiant (John R. Wilson) further states that he desires to take the benefit of the remedy provided for in these, said Relief Laws, according to equity."

At the March term, 1871, the above and foregoing affidavit was dismissed, and the execution ordered to proceed.

On April 4th, 1871, the defendant filed a second affidavit of illegality, in which was alleged that the plaintiff had not paid all legal taxes as required by the Act of October 13th, 1870.

At the September term, 1871, counsel for plaintiff moved the Court to dismiss said second affidavit of illegality, on the ground that defendant was estopped by the decision of the Court on the first.

The motion was overruled and plaintiff excepted, and now assigns said ruling as error.

J. J. FLOYD; E. H. POTTLE, for plaintiff in error.

CLARKE & PACE, for defendant.

MONTGOMERY, Judge.

Section 3450, of the Code, allows a defendant in *fi. fa.*, who has filed an affidavit of illegality to amend it *instanter*, by inserting new and independent grounds, provided he will swear that he did not know of such grounds when the original affidavit was filed. Here the defendant had full opportunity to amend his affidavit under this section, but neglected to do so, and permitted his illegality to be dismissed without offering to make the amendment. He has had his day in Court, and should not now be permitted again to delay the plaintiff in the assertion of her rights. Indeed, the record in this case has attached to it, by inadvertence we suppose, the agreed state of facts which properly belonged to the case of *Wilson vs. Ansley*, (preceding case,) from which it appears

that the plaintiff in *fi. fa.* is a lunatic, and under the decision in that case the proposed defense would not avail the defendant.

Judgment reversed.