## Sims *vs.* Hatcher & Wilkerson.

1. When the case on trial is made by an affidavit of illegality, a motion by the plaintiff in *fi. fa.* to dismiss the illegality takes precedence of a motion by the defendant to quash the *fi. fa.*
2. Where there are several grounds of illegality set forth in the affidavit, one of which goes to a part of the property levied upon, and the others to all of it, if the plaintiff dismiss the levy at the hearing, as to the property affected by the one ground, and then demur to the affidavit as to the other grounds only, and the demurrer be properly sustained, and the execution be ordered to proceed as to the property retained under levy, this does not amount to dismissing the whole illegality, and settles nothing as to the question of costs.
3. Though the bill of exceptions states that the illegality was dismissed, yet if the judgment sent up in the record is not one of dismissal, but only sustains a demurrer to some of the grounds of illegality, and orders the *fi. fa.* to proceed as to a portion of the property levied upon, there is nothing to found an exception upon to the alleged dismissal of the illegality.

February 8, 1887.

Practice in Superior Court. Costs. Practice in Supreme Court. Before Judge FORT. Stewart Superior Court. April Term, 1886.

An execution based upon the foreclosure of a chattel mortgage in favor of Hatcher & Wilkerson against G. L. Sims was levied on two mules and about forty bushels of corn. The defendant filed an affidavit of illegality on the following grounds, in substance:

(1.) Because, at the time the mortgage was given, Sims had not planted his crop, nor did he have growing any corn or cotton, as set forth in the mortgage under which the execution was issued and the levy made.

(2.) Because the note for $25 was given in consideration of certain advances, and was what is known as a cotton obligation, in which it was agreed that the usual warehouse charges were allowed, and that the sum of $25 might be discharged by the delivery of twenty bales of cotton. The usual charges of warehousemen on twenty bales of cotton are $20, and this note or obligation is, therefore, for $5 in excess of such usual charges.

(3.) Because the mortgage contained a provision that if the debt was not paid at maturity, the mortgagees should take charge of the property and sell after advertising. The mortgagees did not comply with this part of the contract, but instead foreclosed the mortgage and placed the *fi. fa.* in the hands of the sheriff for levy.

(4.) Because the copy mortgage annexed to the affidavit for foreclosure was not taken from the original mortgage, but from the record-book of the clerk of the superior court, and was therefore a copy of a copy, and no effort ever was made to establish the lost mortgage.

The judgment of the court recites that the plaintiff moved to dismiss the levy on the corn, and therefore it was dismissed, but should remain and stand as to the other property covered thereby; and that the plaintiff having demur-

red to the affidavit of illegality on all the other grounds thereof, it was ordered that the demurrer be sustained, and that the *fi. fa.* proceed as to all the property levied on except the corn. The defendant excepted. He recited in his bill of exceptions that the court sustained the demurrer and dismissed the illegality, and assigned error thereon. Error was assigned also because, when the case came on for trial, defendant's counsel moved to quash the execution, and thereupon plaintiff's counsel moved to dismiss the illegality; whereupon the court ruled that the latter motion took precedence of the former.

E. T. HICKEY; C. J. THORNTON, by brief, for plaintiff in error.

No appearance for defendants.

BLECKLEY, Chief Justice.

1. When the case on trial is made by an affidavit of illegality, a motion by the plaintiff in *fi. fa.* to dismiss the illegality takes precedence of a motion by the defendant to quash the *fi. fa.* It is an excellent rule, when a case is on trial, to try that case and not switch off on some other. Here the litigation was brought into court by affidavit of illegality, and that was the case under consideration. The defendant sought to make another case, which he could have made, under the authorities, without any affidavit of illegality at all. He sought to attack the *fi. fa.* and have it quashed, which could have been done as an independent proceeding, but was not in order on the trial of the affidavit of illegality. The instance of distress warrants, as ruled in 61 *Ga.* 199, 66 *Ga.* 174, is in point as an illustration by analogy. That the *fi. fa.* might have been quashed if it was defective enough to warrant quashing, after the affidavit of illegality was disposed of, may be seen from 61 *Ga.* 390. And that a motion to dismiss a levy may be entertained as an independent case, is ruled in 34 *Ga.* 427.

2. Where there are several grounds of illegality set forth in the affidavit, one of which goes to a part of the property levied upon, and the others to all of it, if the plaintiff dismiss the levy, at the hearing, as to the property affected by the one ground, and then demur to the affidavit as to the other grounds only, and the demurrer be properly sustained, and the execution be ordered to proceed as to the property retained under levy, this does not amount to dismissing the whole illegality, and settles nothing as to the question of costs.   There were four grounds set forth in the affidavit.   One of these went to the levy upon certain corn, and made the point that the mortgage upon which the *fi. fa.* was based was executed before the corn was planted.   The other three grounds went to the whole levy, which included not only the corn, but some mules specified in the mortgage and described in the *fi. fa.*   The plaintiff dismissed his levy upon the corn, and then demurred, not to the whole affidavit of illegality, but to the three general grounds.   The court sustained the demurrer, and ordered the execution to proceed as to the mules.   What we hold is, that this was no final disposition of the whole affidavit of illegality.   Precisely what was left of it, and what further ruling was needed to dispose of it, we do not undertake to say, but the costs of the illegality would probably depend upon what ought to be ruled in that state of facts. There is no judgment here as to the costs; we do not know how the court below disposed of the question of costs, if any was raised; but we can say that to allow a plaintiff to evade an affidavit of illegality, or any of its grounds well taken, by dismissing his levy, and then attacking the affidavit as if it were entirely unfounded, would be to put him in the attitude of a combatant who retreats and overcomes his adversary by retreating, which we think cannot be done in fighting an affidavit of illegality.   A somewhat. similar question was ruled in 57 *Ga.* 68.

3. Though the bill of exceptions states that the illegality was dismissed, yet as the judgment sent up in the

record is not one of dismissal, but only sustains a demurrer to some of the grounds of illegality, and orders the *fi. fa.* to proceed as to a portion of the property levied upon, there is nothing to found an exception upon to the alleged dismissal of the illegality. It is well established that where the bill of exceptions, as to matter proper to the record, differs from the record as sent up, the record will be followed here, and not the bill of exceptions. According to the judgment, and the only judgment rendered by the court, there was no dismissing of the illegality, but simply the sustaining of a demurrer to the three grounds, and an order that the execution proceed as to the property left under levy, after the levy upon the corn was dismissed. It is very likely that the more accurate disposition here would be for us to dismiss the writ of error; but, as it is probable that the court and all the counsel understood that the affidavit of illegality was wholly dismissed, we think it better simply to affirm the judgment, and leave the case where we found it.

Judgment affirmed.