## Nelson v. Jordeth *et al.*

Where it clearly appears from the appeal record that a tax deed was offered in evidence on the trial, and that the court understood, when he made his certificate that the bill of exceptions included all evidence offered and received at the trial," that it contained a copy of such tax deed, and appellant's affidavit shows that the omission was excusable. an application to insert a copy of the tax deed as an exhibit to the bill of exceptions will be granted.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Potter county. Hon. Loring E. Gaffy. Judge.

Action by John Nelson against Johanna Jordeth and others. From a judgment in favor of defendants, plaintiff appeals. Application for leave to insert a tax deed in the bill of exceptions. Granted.

*John Wood*, for appellant.

*A. L. Ellis*, and *Albert Gunderson*, for respondents.

Corson, J. This case comes before us on an order to show cause why a copy of a certain tax deed from the county of Potter to D. M Boyle, referred to as "Exhibit B," should not be inserted in the bill of exceptions and in appellant's abstract in this case. On the argument on the appeal in this case, it was objected on the part of respondent's, and supported by their additional abstract, that a certain tax deed from the county of Potter to D. M. Boyle, which was copied into the abstract, was not contained in the bill of exceptions, and hence could not be considered by this court on this appeal. On an examination of the original bill of exceptions, the statement made by

respondents in their additional abstract appeared to be correct, and that the tax deed referred to was not contained in the bill of exceptions. Thereupon the court issued the foregoing order to show cause, on the appellant's application. The order to show cause was based upon an affidavit of John Wood, Esq., attorney for the appellant, in which he states that the tax deed was omitted from the bill of exceptions by inadvertence and mistake on his part in preparing the bill of exceptions for the purposes of this appeal, and he sets forth facts which show that the inadvertence or mistake on his part was excusable under the circumstances of the case. He further called the attention of the court to the bill of exceptions and certificate of the judge who tried the cause, from which it clearly appears that the tax deed was offered and received in evidence. The record upon this point in the bill of exceptions is as follows: "Daniel O'Connor, having been called and sworn in behalf of the defendants testified as follows (direct examination by Mr. Gunderson): Q. What official position, if any, do you hold in this county? A. Register of deeds. Q. As register of deeds, are you the custodian of the books of that office? A. I am. Q. You may look at this book, which is Tax Deed Record A, and I will ask you if that is one of the records of your office? A. Yes, sir; that is one of the records of my office. Q. Do you find the record of a deed there from the county of Potter to D. M. Boyle? A. I Do. Q. On what page of that book is it? A. Page 6. Q. What land does that describe? A. The northeast quarter of section 28, township 119 north, range 74. Mr. Gunderson: We offer that in evidence, being a tax deed from the county of Potter to D. M. Boyle for the land in question." Mr. Wood made a number of objections to the introduction of this

deed in evidence, which the court overruled, and to which ruling the plaintiff excepted. To the bill of exceptions was appended the following certificate: "Order settling bill of exceptions. I, Loring E. Gaffy, circuit judge within and for said judicial circuit and said county, who tried the above entitled action, do hereby certify that the foregoing bill of exceptions on the part of the plaintiff is a true and correct bill of and contains all of the evidence offered and received in said action upon the trial thereof and the proceedings had thereon, and that the same contains all the exceptions taken by the plaintiff in said action, together with all of the particular errors upon which the plaintiff will rely upon the motion for a new trial and upon appeal. It is ordered that the foregoing bill of exceptions in said action be and the same is hereby, allowed and settled " It will thus be seen from the record itself that the deed should constitute a part of the bill of exceptions, and the judges certificate could not be strictly true unless the bill of exceptions contained a copy of the tax deed. It is quite apparent from the abstract and briefs of counsel that the respondents' title was based upon this tax deed, and that the appellant relies largely for a reversal of the judgment upon the ground that the defects appearing upon the face of this tax deed were such that it should not have been admitted in evidence on the trial. It will be noted that the tax deed was introduced in evidence by the respondents by reading from the original book in the office of the register of deeds, and that no copy was apparently left by the respondents on file in the case. It was evidently the supposition of the court and of counsel for appellant that a copy of this deed had been inserted in the bill of exceptions. In the view of the case that

the record itself, furnishes proof that the tax deed in question was offered and received in evidence, and that the court understood, when it made its certificate and certified that the foregoing bill of exceptions contained "all the evidence offered and received upon the trial," that it was a part of the bill of exceptions, we are of the opinion that this court has power to allow a certified copy of the said tax deed to be annexed to the bill of exceptions and made a part thereof.

The counsel for respondents strenuously resist the application of appellant to have a copy of this tax deed now annexed to the bill of exceptions as an exhibit, and rely mainly upon Wright v. Lee, 10 S. D. 263, 72 N. W. 895. But in that case the motion was to amend the bill of exceptions by inserting matter therein set forth in an affidavit made by appellant's counsel, and there was nothing in the record itself that would authorize the amendment. In that case the court, speaking by Mr. Justice FULLER, said: "As this court must act upon, and treat as a verity, the bill of exceptions settled in the court below, and is without jurisdiction to change the record certified on appeal as required by law, we decline to grant appellant's motion to amend the bill of exceptions to conform to an affidavit submitted therewith, and upon which the application is based. Cluck v, State, 40 Ind. 263; 3 Enc. Pl. & Prac. 502." In 3 Enc. Pl. & Prac. 503, following the citation in the above case, is the following: "But, where a defect in the bill or in the names of the parties is clearly amendable by the statements embodied in the transcript, the appellate court may permit amendment to be made even upon motion of adverse party to dismiss;" and the author cites Parks v. Johnson, 79 Ga., 567, 5 S. E. 243; Sims v. Hatcher, 77 Ga. 389, 3 S. E. 92; Epping v. Aiken, 71 Ga. 682; Lewis v. Chisholm, 68 Ga. 46.

As before stated, the bill of exceptions in this case clearly embodies the facts authorizing the insertion of the tax deed, given in evidence, in the bill of exceptions. The only matters stated in the affidavit of appellant which we regard as material in this case are those showing the manner in which the mistake or inadvertence in omitting this tax deed from the bill of exceptions was caused. It certainly cannot be claimed that if an exhibit annexed to the bill of exceptions had accidently or otherwise been detached therefrom, and not returned to this court with the bill of exceptions, this court would be powerless to require its insertion in the bill of exceptions in this court. It seems to us that the same principle should be applied to the case before us. An important exhibit, which, it appears from the record, should be in the bill of exceptions, by reason of the excusable neglect of the appellant, has been omitted therefrom. We are of the opinion, therefore, that we have the power, and that it is our duty, to insert in the bill of exceptions a copy of this tax deed as an exhibit. In view of the fact, however, that counsel for respondents have incurred expense in preparing and printing their brief upon the theory that this tax deed was not in the record, and have been at the expense of an additional abstract, we think the application of appellant should only be granted upon the payment of $15 costs to the counsel for the respondents,