## Glynn County v. Dubberly; *et vice versa.*

Per Curiam. In response to the following questions propounded by the Court of Appeals, we make answers as below stated:

1. "Under the provisions of sections 1202 and 1235 of the Civil Code of 1910, is a tax-receiver entitled to one half of the commissions on the amount which the tax-collector of his county receives for collecting county taxes from public-service corporations which make their tax returns directly to the comptroller-general, and which make no returns whatever to such receiver?" Answer: No. Sections 1202 and 1235 of the Civil Code fix the *rate* of compensation where the tax return is entered on the digest of the tax-receiver, but they have no application to returns made exclusively to the comptroller-general of the State, and in which case they are not entered on the tax-receiver's digest. See, in this connection, section 1203 of the Civil Code.

2. "Where a tax-receiver is paid by the county authorities larger amounts than are lawfully due him as commissions, and thereafter fails and refuses to pay back such excess on demand, and execution issues against him and his sureties for the amount or amounts unlawfully retained by him, what rate of interest per annum should be collected on the principal amount or amounts?" Answer: The legal rate of seven per cent. per annum.

3. "Though there is no express statute prescribing the rate of interest to be collected from a defaulting county treasurer, in *Lamb* v. *Dart*, 108 *Ga.* 602, 609, it was held that it was the purpose of the legislature that an execution against a county treasurer should proceed in the same manner as such an execution against a tax-collector, both as to principal and interest, and that a county treasurer would be liable for interest at the rate of 20 per cent. per annum, as provided by section 1187 of the Code of 1910 relating to tax-collectors. Should the same rate be exacted of a tax-receiver on excess commissions paid him without authority of law but through a bona fide mistake on his part, and on the part of the county authorities, as to the amounts he is entitled to receive?" Answer: No. There is no statute (as in the case of a county treasurer—see Civil Code, § 585) putting the tax-receiver on the same basis as the tax-collector in this respect, nor do the same reasons exist for exacting a penalty of twenty per cent. as in case of defaulting tax-collectors.

4. "Where execution was issued against a tax-receiver and the sureties on his official bond and was levied on the property of the principal alone, and he interposed an affidavit of illegality, simply alleging that the execution had issued illegally and was proceeding illegally against him, for that he was not indebted as therein alleged and did not owe the sums of money therein recited or any part thereof, can the principal defendant in execution thereafter interpose a demurrer and a motion to quash, raising issues and matters of defense which could have been included in the original affidavit of illegality, or could have been added to it by amendment, by making oath that he did not know of such additional grounds when the original affidavit was made (Civil Code, § 5704), because he had made or attempted to make in his original

affidavit of illegality the following reservations: 'That he makes this affidavit without prejudice to and expressly reserving unto himself the right to hereinafter make and take any and all manner of exception that can or may be had by way of demurrer, motion to dismiss, or otherwise to the aforesaid execution, both in form and in substance; and as to the proceedings previous to its issue and upon which it is founded, the manner of its issuance, the levy made thereon, and all things appertaining to the same.'?" Answer: No. The defendant in execution can not by demurrer or motion to quash raise issues and matters of defense which could have been included in the original affidavit of illegality, or could have been added to it by way of amendment, by making oath that he did not know of such additional grounds when the original affidavit was made, as provided by section 5704 of the Civil Code, even though he had made or attempted to make certain reservations in his original affidavit of illegality as set forth in the foregoing question. In this connection, see *Lamb* v. *Dart*, 108 *Ga.* 602 (3), 608 (34 S. E. 160).                          *All the Justices concur.*

No. 718. AUGUST 13, 1918.

Questions certified by Court of Appeals (Cases 8601, 8739).

*R. D. Meader*, for plaintiff.    *J. T. Colson*, for defendant.

*Judgment affirmed. All the Justices concur.*