8601, 8739.   GLYNN COUNTY v. DUBBERLY; and vice versa.

WADE, C. J.   Under the answers of the Supreme Court to questions certi-
fied in this case by the Court of Appeals (148 Ga. 290, 96 S. E. 566)
the following rulings necessarily result:

1. Under the provisions of sections 1202 and 1235 of the Civil Code of
1910, a tax-receiver is not entitled to one half of the commissions on
the amount which the tax-collector of his county receives for collecting
taxes from public-service corporations which make their tax returns
directly to the comptroller-general, and which make no returns what-
ever to such receiver.   These sections fix the rate of compensation where
the tax return is entered on the digest of the tax-receiver, but have no
application to returns made exclusively to the comptroller-general of
the State and which are not entered on the tax-receiver's digest.

(a) The trial court therefore erred in not ordering that the execution pro-
ceed for the full amount of the several principal sums claimed therein,
and in sustaining the affidavit of illegality as to a part of said sums.

2. Where a tax-receiver is paid by the county authorities larger amounts
than are lawfully due him as commissions, and thereafter fails and
refuses to pay back such excess on demand, and execution issues against
him and his sureties for the amount or amounts unlawfully retained by
him, the legal rate of seven per cent. per annum only should be col-
lected on the principal amount or amounts, and he is not liable for
interest at the rate of twenty per cent. per annum as provided in
section 1187 of the Civil Code of 1910, relating to tax-collectors.   There
is no statute (as in the case of a county treasurer,—see Civil Code,
§ 585) putting the tax-receiver on the same basis as the tax-collector
in this respect; and the same reasons for exacting a penalty of twenty
per cent. do not exist.

(a) The court therefore did not err in directing that the execution should
proceed for interest at seven per cent. per annum only, instead of at
the rate of twenty per cent. per annum as claimed in the execution,
and in sustaining to this extent the affidavit of illegality.

3. A defendant in execution cannot by demurrer or motion to quash raise
issues and matters of defense which could have been included in the
original affidavit of illegality, or could have been added to it by way
of amendment (by making oath that he did not know of such addi-
tional grounds when the original affidavit was made, as provided by
section 5704 of the Civil Code), even though he had made or attempted
to make the following reservations in his original affidavit of illegality:
"that he makes this affidavit without prejudice to and expressly re-
serving unto himself the right to hereinafter make and take any and
all manner of exception that can or may be had by way of demurrer,
motion to dismiss, or otherwise, to the aforesaid execution, both in
form and in substance, and as to the proceedings previous to its issue
and upon which it is founded, the manner of its issuance, the levy
made thereon, and all things appertaining to the same."

Judgment reversed in part and affirmed in part on main bill of exceptions;
cross-bill dismissed.   Jenkins and Luke, JJ., concur.

DECIDED SEPTEMBER 17, 1918.

Affidavit of illegality of execution; from Glynn superior court—Judge Highsmith. February 13, 1917.

*R. D. Meader,* for Glynn County. *J. T. Colson,* contra.