### 12426, 12427. MILLER COUNTY *v.* BUSH; and *vice versa.*

1. The plaintiff in error complied substantially with the requirements of law as to bringing to this court evidence taken by an auditor.
2. As to those exceptions of law to the auditor's report which were "overruled and disallowed," there was no error in the rulings of the trial judge.
(*a*) The tax-collector was properly allowed to testify that the payment of $1227.45 was made on the taxes for the year 1912.
(*b*) Under the facts of this case no error was made by the auditor when he amended the execution by striking therefrom the words "7 % interest" and inserting in lieu thereof the words "20 % interest."
(*c*) The motion to exclude the testimony of W. I. Moody was properly sustained.
(*d*) The auditor did not err in holding that the tax-collector's cash-book "or a properly authenticated transcript therefrom" would have been the highest and best evidence of what had been paid to the county.
(*e*) No error was committed by the auditor when he sustained an objection to the admission in evidence of the books of the tax-collector.

(*f*) Under the facts of this case, it was not error harmful to the defendant for the auditor to allow interest from April 20, 1913, at 20% per annum, on the sum the defendant was due and owing to the county for the years 1911 and 1912.

3. The judge did not err in overruling the motion to strike the exceptions of fact.

4. There is no error in the charge complained of in the 1st special ground of the motion for a new trial.

5. The right of the county to issue an execution for the amount due by the tax-collector for the year 1911 was not barred by the lapse of time.

6. Under the pleadings the judge of the superior court properly refused to allow the amount which the jury found the tax-collector was due the county for the years 1909, 1910, 1911, and 1912 to be reduced by the amount they found that he overpaid the county in 1913 and 1914.

7. There was ample evidence to support the finding of the jury.

DECIDED JANUARY 19, 1922.

Exceptions to auditor's report; from Miller superior court — Judge Worrill. March 19, 1921.

*W. I. Geer, P. D. Rich,* for Miller County.

*N. L. Stapleton, Pottle & Hofmayer,* contra.

BLOODWORTH, J. Three executions were issued in favor of Miller County against W. I. Moody as a defaulting tax-collector and against the sureties on his official bonds, of which there were three. As there are several cases in this court growing out of the affidavits of illegality filed to the levy of these executions, we have thought it best to make one general statement of facts applicable to all the cases. One of the three executions was issued for the alleged shortage for the years 1909-1910 (J. S. Bush and W. B. Shepard, sureties); one for 1911-1912 (J. S. Bush, W. J. Bush, and Zula B. Toole, administratrix of Joe Toole, sureties), and one for 1913-1914 (J. S. Wilkins, J. S. Bush, W. J. Bush, and W. J. Grimes, sureties). The first of these executions was levied on property belonging to W. I. Moody, the tax-collector, the second on land of J. S. Bush, and the third on land of J. S. Wilkins and land of W. J. Bush. Each of the parties on whose property a levy was made filed an affidavit of illegality, and all of these were returned to court, making four cases. These are numbered on the docket of the superior court of Miller county as cases Nos. 636 (1909-1910), 638 (1911-1912), 637 and 639 (1913-1914), and the corresponding cases in this court are Nos. 12425 (1909-1910), 12426 and 12427 (1911-1912), and Nos. 12428 and 12447 (1913-1914). All of these cases were referred to an auditor. In his

report is the following: "Accordingly, the auditor finds that under the evidence the defendant tax-collector, W. I. Moody, is due and owing to the plaintiff, Miller County, for the years 1909 and 1910, the sum of 134.32, with interest thereon from the 20th day of April, 1911, at 20% per annum; and for the years 1911 and 1912 the sum of $1,851.61, with interest thereon from the 20th day of April, 1913, at 20% per annum; and for the years 1913 and 1914 the sum of $4,243.93, with interest thereon from the 20th day of April, 1915, at 20% per annum; and adjudges that the executions in this case do proceed for said sums, interest, and costs." To the report of the auditor exceptions both of law and of fact were taken by Moody, J. S. Bush, Wilkins, and W. J. Bush. The exceptions of law were substantially the same in each case, except that in the W. J. Bush case (No. 12447) there is an additional exception of law. Summarizing these exceptions of law they are, in all the cases:

(*a*) To the finding of the auditor "wherein he allowed an amendment to the execution striking the words '7% interest' and inserting the words '20% interest'."

(*b*) To his finding "wherein he sustained the written motion of counsel for plaintiff in fi. fa. to exclude the testimony of W. I. Moody."

(*c*) "Wherein the auditor held that 'the tax-collector's cash-book is the highest and best evidence of payment made by the tax-collector to the treasurer.'"

(*d*) "Wherein the auditor sustained the objection to the admission in evidence of the books of the tax-collector."

(*e*) "Wherein he allows interest on the amount he finds to be due prior to the date of the issuance of the execution at the rate of 20% per annum."

(*f*) (This is in No. 12447 only). "Wherein he has allowed the tax-collector a commission only on the amount of taxes he has collected and paid over."

Motions were made to strike both the exceptions of law and the exceptions of fact. The motion to strike the exceptions of law was overruled. While the judge overruled the motion made by the county to strike the exceptions of law, he did pass an order in which they were "overruled and disallowed" with certain named exceptions. Upon the issues of fact submitted to them, the jury

found as follows: "In case No. 636 (1909-1910) the finding was in favor of Miller County and against W. I. Moody for the principal sum of $134.32, with interest at 20 % per annum from April 20th, 1911." "In case No. 638 (1910-1911) the finding was in favor of said county against the said W. I. Moody as principal and J. S. Bush as security, for the principal sum of $824.16, with interest at 20 % per annum from the 20th day of April, 1913." "In cases Nos. 637 and 639 the verdict was that for the years 1913 and 1914 the said W. I. Moody as tax-collector had paid to the county of Miller $928.62 in excess of the sum due said county for said years for taxes collected by said Moody." The judge of the superior court entered a decree in accordance with the finding of the jury for the years 1909 and 1910, and for the years 1911 and 1912, but for the years 1913-1914 his decree is as follows: "It is therefore upon said verdict ordered, adjudged, and decreed that for the years 1913 and 1914 there is a balance due the said Moody, but in view of the fact that no cross-bill was filed and no prayer for judgment was made against the county, it is therefore adjudged and decreed that the defendant W. I. Moody is not indebted to the County of Miller in any sum for the years 1913 and 1914 as found by the auditor."

A motion for a new trial was made in each case by the losing party, and when overruled a bill of exceptions was filed in each case, and in one case a cross-bill of exceptions was filed.

1. In the brief of counsel for defendant in error in this case (J. S. Bush) is the statement that "the plaintiff in error (Miller County) has brought to this court what purports to be a brief of the brief of evidence reported by the auditor instead of the auditor's brief." Counsel say "We simply call attention to this question in order that the court may determine whether or not it can consider the evidence in this case, it appearing that the auditor's report of the evidence was not specified or brought up in the transcript." While it is true that the law requires that the auditor "reduce to writing a brief of the oral and documentary evidence submitted by the parties" (Civil Code of 1910, § 5131), and where this is done such "report of the evidence taken by him upon the hearing of the case constitutes a portion of the record thereof and *may be* specified and dealt with as such in bringing that case to this court" (*Arendale* v. *Smith,* 107 *Ga.* 494, 33 S. E.

669), yet where exceptions of fact to an auditor's report are submitted to the jury and a motion for a new trial is filed, § 6093 of the Civil Code of 1910 is also applicable. This section provides that the brief of evidence "shall be a condensed and succinct brief of the material portions of the oral testimony, including a similar brief of interrogatories read on the trial. In such brief there shall be included the substance of all material portions of all documentary evidence." Section 6142 of the Civil Code of 1910 provides that when a party desires to review the judgment of the court in granting or refusing a new trial, the plaintiff "shall specify only so much of the brief of evidence and other parts of the record, as are material to a clear understanding of the errors complained of." Moreover, it is not shown what portion of the evidence taken before the auditor is not included in the record; whether or not it is relevant or material, or how or in what manner the defendant in error was injured by the failure to bring up all the evidence introduced upon the hearing before the auditor. The evidence in the record is voluminous, and covers every material issue raised by the pleadings, and much of it is the identical evidence submitted to the auditor. Under all the circumstances this court will not refuse to consider the evidence in the record.

2. Complaint is made that the court refused to sustain a motion made by the plaintiff in error to strike the exceptions of law filed by the defendant to the auditor's report. While the judge did refuse to strike these exceptions, he passed an order in which they were "overruled and disallowed . . . except that portion of the second exception of law which relates to the item of $1,227.45, which portion of said exception is sustained." This ruling was correct, and cured any error in the refusal of the court to strike the exceptions of law on motion of counsel for the county.

(*a*) As the receipt given by the treasurer for the $1,227.45 did not state for what year this money was collected, under the express ruling of the auditor, to which no exceptions were filed by the county, it was competent for the tax-collector to testify as to the taxes of what year this payment was made.

(*b*) The amendment to the execution, striking the words "seven per cent. interest" and inserting in lieu thereof the words "twenty per cent. interest," was properly allowed by the auditor, under the authority given him in the order appointing him. This amend-

ment was based upon "the amended judgment as it appears of record on the minutes of the Board of Commissioners of Roads and Revenues of Miller County." *Lamb* v. *Dart*, 108 *Ga.* 602 (5) (34 S. E. 160) ; *Glynn County* v. *Dubberly*, 148 *Ga.* 290 (3) (96 S. E. 566) ; Civil Code (1910), § 1187.

(c) The motion to exclude the testimony of W. I. Moody, referred to in the 11th finding of the auditor's report, with the exception therein named, was properly sustained.

(d) The judge did not err in holding that the tax-collector's cash-book "or a properly authenticated transcript therefrom" would have been the highest and best evidence of what had been paid over to the county; nor in his ruling embraced in the 11th finding of the auditor's report in reference to the books of the tax-collector.

(e) No error was committed when the auditor sustained an objection to the admission in evidence of the books of the tax-collector. The records shows that the tax-collector failed to comply with the mandatory provisions of the law as to these books and how they should be kept, and that he did not keep correct books.

(f) Under the facts of this case it was not error harmful to the defendant for the auditor to allow interest from April 20, 1913, at 20 per cent. per annum on the sum the defendant was due and owing to the county for the years 1911 and 1912.

3. The judge did not err in overruling the motion to strike the exceptions of fact (Civil Code 1910, § 5141), but properly submitted to the jury the issues raised thereby.

4. In the first special ground of the motion for a new trial the judge is alleged to have erred in his charge to the jury in reference to the item of $1,227.45, referred to in headnote 2 (a) above. Under the facts of this case the excerpt of which complaint is made is not erroneous.

(a) The other grounds of the amendment to the motion for a new trial have no reference to the affidavit of illegality in this case, and need not be here considered.

5. The judge did not err in refusing to quash "so much of the fi. fa. involved in said case as referred to and embraced items claimed to be due for the year 1911, upon the ground that it appeared upon the face of the fi. fa. and the amendment to the fi. fa. which had been allowed by the auditor that the claim of

the county against the said Moody for unpaid taxes for the year 1911 was barred by the statute of limitations, it appearing that the fi. fa. was issued on the 7th day of May, 1919, more than seven years after the accrual of the county's claim for taxes for the year 1911." The execution in this case was not issued to collect taxes from a taxpayer, but to recover from the tax-collector and his bondsmen money which the tax-collector had previously received in payment of taxes, but which he had failed to turn over to the proper county authorities. The rule that would be applicable in this case as to the statute of limitations is that which would apply in the event a suit had been brought on the bond of the tax-collector. Section 4359 of the Civil ·Code of 1910 provides that "Actions upon bonds or other instruments under seal shall be brought within twenty years after the right of action accrues." The right of action in this case accrued at the time the bond was breached. The Civil Code (1910), § 5507, provides that "an action is merely the judicial means of enforcing a right." ·In issuing and having levied the execution in this case the officers of Miller county pursued "one of the judicial means" provided by law for "enforcing a right." The bond of the tax-collector was breached when he failed to turn over to the proper county authorities, at the time provided for by law, the taxes collected by him, and the right of action accrued immediately thereafter, and this was not more than twenty years prior to the ·date upon which the execution was issued. *Slaton* v. *Morrison,* 144 *Ga.* 471, 472 (2) (87 S. E. 390) ; *Harris* v. *Black,* 143 *Ga.* 497, 498 (5) (85 S. E. 742).

6. The jury having found that the tax-collector had paid to the county $928.62 more than was due for the years 1913 and 1914, a motion was made by the defendant to deduct this amount from the amount of the verdicts found against the ·defendant. The court rightly refused to do this. While by counsel all the cases were tried together, the effect of this was not to consolidate and make of the several cases only one case, but each case remained a separate case, as if tried alone. The pleadings did not authorize such a set-off, the affidavits of illegality filed to the executions issued for money due in previous years were separate and distinct cases from the one filed for the amount due in 1913 and 1914, and at the time the tax-collector was required by law to settle

with the county for the years 1911 and 1912 he was not entitled to this credit on the amount due for those years. Civil Code (1910), § 1187. However, the judge properly decreed that "the defendant W. I. Moody is not indebted to the county of Miller for any sum for the years 1913 and 1914 as found by the auditor."

. 7. There was ample evidence to support the finding of the jury on the issues of fact submitted to them.

*Judgment affirmed on both the main and the cross-bill of exceptions. Broyles, C. J., and Luke, J., concur.*