## TILLEY v. COOKE & FLAKE.

GILBERT, J.  The Court of Appeals certified to this court the following question: "Where an affidavit of illegality, none of the grounds of which are meritorious, has been filed to a levy, and in the trial in the superior court which issued the execution the affidavit is properly dismissed on motion, without any effort being made to amend the grounds, and thereafter the defendant in fi. fa. at the same hearing, but without any procedure being taken to bring the parties before the court, other than was taken in connection with the affidavit of illegality, makes an unsworn written motion 'to dismiss the levy,' should such a motion be entertained and granted, where the ground of the motion to dismiss is of itself meritorious and the levy appears from the record to have been void? See *Glynn County* v. *Dubberly,* 148 *Ga.* 290 (4) (96 S. E. 566); *Ansley* v. *Wilson,* 47 *Ga.* 280, 281; *Sims* v. *Hatcher,* 77 *Ga.* 389, 391 (3 S. E. 92); *Hill* v. *DeLaunay,* 34 *Ga.* 427, 428; *Eve* v. *Crowder,* 59 *Ga.* 799 (1); *Haynes* v. *Richardson,* 61 *Ga.* 390 (2), 391." *Held:* The levy and the affidavit of illegality constituted pleadings in the case.  *Miller* v. *Perkerson,* 128 *Ga.* 465 (57 S. E. 787); *James* v. *Coolidge,* 129 *Ga.* 860 (60 S. E. 182).  When the affidavit of illegality was dismissed, the case went out of court and no longer existed.  According to the question submitted, no procedure was taken to bring the parties before the court other than was taken in connection with the affidavit of illegality.  Accordingly it was impossible for the court to entertain the motion to "dismiss the levy," because there was nothing before the court to give it jurisdiction of the parties.        *All the Justices concur.*

No. 4070.  APRIL 24, 1924.

Question certified by Court of Appeals (Case No. 14431).

*J. H. McCalla,* for plaintiff in error.

*Q. L. Williford,* contra.